## H. SWANSON v. R. H. ALLEN, Appellant.

**Breach of Warranty:** EVIDENCE. Where the defense to an action for the breach of a warranty of a machine was that its failure to do
3   the work warranted was due to the incompetence of the operator, evidence that a year after the purchaser had abandoned it, while in the same condition as when the purchaser had it, and operated by others, the work done by it fulfilled the warranty, is admissible.

EXCLUSION: *Presumption.* The presumption being that evidence offered by a party will be favorable to him, error in excluding it is not waived by failing to make a showing as to what it is proposed to prove, where the character of the answers is evident from the nature of the qestions.

Instructions: SETTING OUT PLEADINGS. It is error to copy the pleadings into the instructions, and read them to the jury in lieu of a concise statement of the issues, where they are obscure, so that the jury is unable to comprehend the issues therefrom. The practice should never be tolerated, unless an absence of prejudice is manifest.

CONSTRUING TOGETHER. It is error to charge that all the instructions, and not any one of them, contain the law, because, while a single instruction may not contain all the law applicable to the entire case, it may contain all the law applicable to one phase of it, or to a given state of facts.

*Appeal from Sac District Court..*—HON. S. M. ELWOOD, Judge.

TUESDAY, MAY 16, 1899.

ON the twenty-second day of June, 1896, the plaintiff executed a written order to the Aultman Company, of Ohio, to deliver to him a complete threshing outfit through its agent, R. H. Allen, at Early, Iowa, accompanied by a specific written warranty. At that time Allen had on hand a sample threshing outfit of the same company, differing from the one ordered in having a narrower belt, a telescope weigher, instead of a wagon elevator, and a jacket on the boiler. The machinery not coming, about July 15th the parties arranged that the plaintiff should take the sample outfit, the loader to be substituted for the weigher, and a wider belt to be furnished. In payment, a Case machine was turned in by Swanson at six hundred dollars, and six notes of two hundred and eighty-nine dollars and thirty-three cents each, payable at different dates, were executed by him to the Aultman Company, or R. H. Allen. The petition alleged in the first two counts the purchase of the outfit of the defendant on his oral warranty that it was of good material, and would do as good work and as much work in all kinds of grain as any

other of like size and capacity, and a breach thereof. In count 1 the plaintiff prayed for damages, but in count 2, in addition, averred the tender of the return of the outfit, and asked judgment for the value of the property paid, and the cancellation of the notes executed. Count 3 was like count 1, save that it alleged the personal warranty mentioned as an inducement to take the outfit, even though the property was bought of the company. The answer consisted of a general denial, and an averment that the sale was by a written order, and that the property was accepted by the plaintiff thereunder; and, in the counterclaim, recovery was claimed on three notes matured because of the nonpayment of interest. Trial to jury, verdict and judgment for the plaintiff, and the defendant appealed.—*Reversed.*

*Wright & Nugent* and *C. D. Goldsmith* for appellant.

*W. A. Helsell* and *R. M. Hunter* for appellee.

LADD, J.—Nothing is of greater importance in a jury trial than that the court shall make clear and certain to the jurors the very issues they are to determine. Ordinarily those required to serve are unaccustomed to the duties devolving upon them, and are likely to become confused by the mass of conflicting evidence and the illimitable arguments of counsel. The very purpose of instructing them is to make plain the issues they are to try, and the rules of law by which the evidence is to be examined and applied. *Pleasants v. Fant,* 22 Wall. 116; *Duthie v. Town of Washburn,* 87 Wis. 231 (58 N. W. Rep. 381). They should not be required to search the pleadings, even though copied into the instructions, for the controverted facts to be passed upon. It is often difficult for the experienced lawyer to fix upon the precise contentions of the parties, and there can never be any degree of certainty that jurors, without legal training, have been able to do so from an examination of the pleadings; besides, it is as much the duty of the judge to

extract the issues from the pleadings, and make them known
and intelligible to the jurors, as it is their duty to pass upon
them when this has been done.   The practice of referring
the jury to the pleadings has been condemned by this court.
*Porter v. Knight,* 63 Iowa, 367; *Keatley v. Railway Co.,* 94
Iowa, 688; *Bryan v. Railway Co.,* 63 Iowa, 464.   Also that
of reading them as part of the charge.   *Hall v. Carter,* 74
Iowa, 366.   Copying the pleadings into the instructions as a
statement of the issues is subject to the same criticism as the
use of the originals, if the jury are permitted to take these
upon retirement for deliberation.   The only difference lies
in their attachment as a preface to the other portion of the
charge, and the use of the original separately.   In *Gorman
v. Railway Co.,* 78 Iowa, 518, so copying was disapproved,
and in *Robinson & Co. v. Berkey,* 100 Iowa, 136, it was held
erroneous.   In *Hollis v. Insurance Co.,* 65 Iowa, 460, the
issues were subsequently stated, the copies being treated as
surplusage.   In *Little v. McGuire,* 43 Iowa, 447; and
*Crawford v. Nolan,* 72 Iowa, 673, it was held that,
in view of the plain and unambiguous language of the plead-
ings, and the simplicity of the issues, stating them in the
words of the pleader was without prejudice.   The rule, then,
deducible from these authorities is that the court must deter-
mine from an examination of the pleadings what the issues
are, and so state them to the jury as to be readily compre-
hended, and that setting out the pleadings in lieu thereof will
not be tolerated, unless manifestly without prejudice.   We
may add that such issues cannot be too clearly and explicitly
stated, and that terseness and brevity will uniformly add
emphasis.

In the case at bar, the pleadings, except an amendment
and general denials, were copied as a statement of the issues,
covering nine closely printed pages of the abstract, and con-
stituted the first eleven instructions.   As the petition was in
three counts, and the counterclaim contained a like number,
this involved unnecessary repetition, tending to confusion

and to the obscurity of the real differences between the several issues in controversy. They should have been made plain and accessible to the jury, in language comprehensible to those unlearned in the law, and free from vain repetition.

II. Exception is taken to the thirty-ninth paragraph of the charge: "In considering the instructions, consider them together, as they all, and not any one of them, contain the law by which you are to be guided." If "all" had been inserted before "the law," we take it that appellant would have been content. The criticism is that the jury are told no single instruction can be regarded as stating the law. One paragraph of the charge may contain the law applicable to a certain hypothesis in the case, or be controlling when applied to a given state of facts, if found to have been established, and by which the jury must be guided. This was true of several of those given. The fault of the instruction lies in apparently negativing this rule. No one instruction may contain all the law applicable to the entire case, and for this reason all should be considered together in passing upon the issues. But this does not obviate the rule that one instruction may contain the law, as applied to some hypothesis or a given state of facts.

III. The threshing outfit was used by the plaintiff till near the close of the season of 1896, when he either tendered its return or abandoned it. The evidence in support of the petition tended to show that the machine, while operated by him, would not separate the grain from the straw, or clean it, nor thresh oats or barley well, and that it was worthless as a thresher. One of the defenses interposed was that any failure of the outfit to comply with the alleged warranty resulted from the unskillful handling of Swanson. It was operated by others during the fall of 1897, and a witness testified that the outfit was in precisely the same condition, and was the same in every particular, as the year before. He and others saw it threshing oats and other grain at several places before the trial, and were interrogated

as to how it was doing the work. The ruling excluding this, evidence sought to be elicited was erroneous. It tended directly to show that the outfit, if warranted, complied there with, and that the trouble with the machine the year previous might have resulted from unskillful handling. No showing was required as to the character of the answers expected, as these were very evident from the questions. The appellant is entitled to the presumption that the evidence, if received, would have been favorable to the defense. Because of the errors pointed out, the judgment is REVERSED.