393 P.2d 444

Otis HAYNES, Plaintiff-Appellee, Employers Mutual Liability Insurance Company of Wisconsin, Intervening Plaintiff-Appellee,

v.

Thomas C. HOCKENHULL and Miles & Sons Trucking Service, a corporation, and Sierra Construction Co., Inc., d/b/a Miles Sierra Contractors, a joint venture, Defendants-Appellants.

Clyde PEASE, Plaintiff-Appellee, Employers Mutual Liability Insurance Company of Wisconsin, Intervening Plaintiff-Appellee,

v.

Thomas C. HOCKENHULL and Miles & Sons Trucking Service, a corporation, and Sierra Construction Co., Inc., d/b/a Miles Sierra Contractors, a joint venture, Defendants-Appellants.

No. 7369.

Supreme Court of New Mexico.

April 27, 1964.

Rehearing Denied July 13, 1964.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for intervenor-appellee.

Webb & Beavers, Farmington, for plaintiffs-appellees.

Sutin & Jones, Albuquerque, for appellants.

CHAVEZ, Justice.

This is an appeal from a judgment arising out of an action based on negligence.

Beginning in 1958, Morrison-Kaiser F & S Construction Co., hereinafter referred to as Morrison-Kaiser, the prime contractor, began construction of Navajo Dam in San Juan County, New Mexico. Defendant Miles Sierra Contractors, hereinafter referred to as Miles Sierra, was under subcontract to Morrison-Kaiser, which contract called for Miles Sierra to remove some 3,800,000 cubic yards of dirt. In the performance of this contract, a road was

·constructed which was called the "main haul [Hall]" road and was used by the employees of both companies; by Miles Sierra in hauling large quantities of dirt in earthmoving vehicles called "earth kings," which were specially constructed for this contract by Cook Brothers and had a carrying capacity of 28 to 30 cubic yards of dirt; and by Morrison-Kaiser as a thoroughfare to the various construction sites.

On May 29, 1961, the day of the accident giving rise to this cause, plaintiff Otis Haynes applied for employment as a "Euc skinner," an operator of an Euclid dirt loader. After being tested and given employment, plaintiff Haynes, in a company pickup was being driven down the main haul road by his foreman plaintiff Clyde Pease, their destination being the parking lot where the Euclid loaders were kept. At the same time and immediately behind the truck containing plaintiffs Haynes and Pease, defendant Thomas C. Hockenhull, employed by defendant Miles Sierra as an earth king operator, was driving an empty earth king. As Pease neared the side road to the Euclid parking lot, he signaled for and began a left turn. At that moment the pickup was struck from behind by the earth king, the collision causing the pickup to turn over, throwing out and injuring plaintiff Pease and injuring plaintiff Haynes who remained in the cab. Workmen's compensation benefits were paid to Pease and Haynes by Employers Mutual

Liability Insurance Company of Wisconsin, the workmen's compensation insurance carrier for Morrison-Kaiser.

On June 19, 1961, plaintiff Haynes filed a complaint in cause No. 9630 in the district court of San Juan County, against Thomas C. Hockenhull and Miles Sierra, in which he alleged that Hockenhull, while acting within the scope of his employment:

"4. * * * was negligently, carelessly, and recklessly operating said truck in such a manner as to cause it to violently strike the rear of said pick-up.

"5. That as a direct and proximate result of said accident Plaintiff sustained severe and lasting injuries consisting of torn, strained and bruised muscles, ligaments and bones of his neck and body, all of which are of an extremely painful nature, requiring expenditures of large sums for hospitalization and other medical expenses, both presently and in the future; that said injuries are of a disabling nature and have and will prevent Plaintiff from performing his duties in his regular employment, resulting in past lost wages; that said injuries are of a permanent nature and will continue to disable the Plaintiff and prevent him from performing his regular duties in the future, which will result in future lost wages, and will cause him to suffer severe pain and discomfort in the future and will re-

quire the expenditure of large sums for future medical care and treatment."

On July 12, 1961, plaintiff Pease filed a complaint in cause No. 9695 in the district court of San Juan County, against Thomas C. Hockenhull and Miles Sierra, which was identical to Haynes' complaint in cause No. 9630 except for the allegation that plaintiff Pease was the driver of the pickup instead of a passenger.

No service was obtained on defendant Thomas C. Hockenhull in either cause No. 9630 or cause No. 9695.

On July 26, 1961, defendants' motion, in cause No. 9630 to have Pease and Morrison-Kaiser brought in as third-party defendants, was granted. Attached to the motion was a third-party complaint alleging that Pease, acting in the scope of his employment:

"IV. * * * negligently, carelessly and recklessly operated his vehicle in such a manner as to cause it to suddenly turn in front of a vehicle being then and there operated by defendant Hockenhull.

"V. That as a direct and proximate cause of the negligence, carelessness and recklessness of Clyde Pease, plaintiff Otis Haynes was injured and suffered damages for which he sued defendants herein, and the said Clyde Pease and Kaiser-Morrison F & S Construction Co. are liable to the de-

fendants herein for all or part of what the plaintiff may recover from the defendants."

On August 4, 1961, defendants answered the complaints of both plaintiffs in causes Nos. 9630 and 9695. The answers are identical in the following respects: As a first defense, it was alleged that there was a failure to state a claim upon which relief could be granted; as a second defense, defendants denied all allegations except that they admitted that the plaintiffs were either a passenger in or driver of:

"3. * * * a 1958 Chevrolet Pickup in a westerly direction on Hall Road at the Navajo Dam Construction site in New Mexico, and said pickup was preparing to make a left turn on to another street."

as a third defense, that plaintiffs were contributively negligent; and in the case of plaintiff Haynes, it was further alleged that the proximate cause of his injuries was the negligence of plaintiff Pease and not that of the defendants.

The issues having been joined between plaintiffs and the defendants, Employers Mutual Liability Insurance Company of Wisconsin moved to intervene in both causes Nos. 9630 and 9695, alleging the payments of workmen's compensation benefits, and that the intervening plaintiff was subrogated to the rights of the plaintiffs against the defendants in the amount of the

workmen's compensation benefits paid. Intervention was allowed by order of August 30, 1961.

Third-party defendant Morrison-Kaiser moved for dismissal in cause No. 9630 on August 16, 1961, since the exclusive remedy of plaintiff Haynes, as against them, was through the Workmen's Compensation Act. This motion was granted and on August 30, 1961, causes Nos. 9630 and 9695 were consolidated for trial. On August 31, 1961, the issues were joined between defendants and intervenors, the defendants, by their answer to the complaint in intervention, admitting the bringing of the main action, but denying all other allegations.

On October 12, 1961, defendants amended their answer to Haynes' complaint by an additional affirmative defense, alleging that Pease and Haynes were on a joint venture; that Pease was negligent in the operation of the vehicle; and that the negligence of Pease is imputed to Haynes. Defendants' answer to the complaint in intervention was also amended to include the same affirmative defense. To complete the joinder of issues, third-party defendant Pease answered the third-party complaint, denying only the allegations of negligence and proximate cause. Jury trial was held and resulted in an award to Haynes and an award to Pease.

Appellant's main contention is that the trial court committed prejudicial error when, in the first instruction to the jury, it read, practically verbatim, five sets of pleadings consisting of the following: Complaint of Haynes against Hockenhull and Miles Sierra and defendants' amended answer; third-party complaint of Hockenhull and Miles Sierra against third-party defendant Pease and answer of Pease; complaint in intervention of Employers Mutual Liability Insurance Company of Wisconsin in Haynes' case and defendants' answer thereto; Pease's complaint against Hockenhull and Miles Sierra and their answer thereto; and Employers Mutual Liability Insurance Company's complaint in intervention against defendants in the case brought by Pease and the answer thereto. This resulted in an instruction of some 2387 words in length and approximately seven and one-half pages of the record, and ends with the statement: "It is upon these issues the case has been tried before you." Appellant contends that the reading of the pleadings resulted in an improper and prejudicial statement of the issues.

As regards the reading of the pleadings verbatim in an instruction to the jury, the rule is stated in an early Iowa case, Swanson v. Allen, 108 Iowa 419, 79 N.W. 132, as follows:

"*  *  *  The rule, then, deducible from these authorities is that the court must determine from an examination of the pleadings what the issues are, and so state them to the jury as to be

readily comprehended, and that setting out the pleadings in lieu thereof will not be tolerated, unless manifestly without prejudice. We may add that such issues cannot be too clearly and explicitly stated, and that terseness and brevity will uniformly add emphasis."

The purpose of instructing the jury is to make the issues that they are to determine plain and clear. This is particularly true in a case such as the one before us, where the allegations of the complaints and the answers of the various parties are long, involved and complicated, and are not in plain and concise statements of the claim or defense. Many times jurors are not accustomed to the duties devolved upon them and are likely to become confused by the mass of pleadings and evidence. In the case before us, the record is in three volumes and contains 835 pages. The jury should not be required to search the pleadings, even though copied into the instructions, for the controverted facts to be passed upon.

There is authority to the effect that it is not reversible error to incorporate the pleadings in an instruction when they are in plain and simple language and when the issues are fairly presented by the whole instruction. Kelly v. Meyer, 156 Kan. 429, 134 P.2d 658. However, as stated in Kelly:

"* * * The difficulty we find in applying that rule to the instruction in question is that the allegations of the answer as incorporated therein were not short and concise but long and ambiguous—not plain and simple but intricate and complicated. Under such conditions we believe it is far better practice to refrain from giving instructions which include the pleadings in full. * * *"

The problem before us has been considered in Illinois. There the practice of embodying pleadings in an instruction has been repeatedly criticized. The more serious objection, other than the length of the instruction, is that it tends to emphasize plaintiff's charge of liability by placing in the court's mouth substantially the entire allegations of the complaint. The question then arises as to how the jury should properly be acquainted with the issues involved. The Illinois court answered this question by saying that the safe and proper rule is for the trial court to inform the jury, in a clear and concise manner, of the issues raised by the pleadings, and that this should be accomplished by a summary of the pleadings, succinctly stated without repetition and without undue emphasis. Signa v. Alluri, 351 Ill.App. 11, 113 N.E.2d 475. See also, Woolsey v. Rupel, 13 Ill.App.2d 48, 140 N.E.2d 855; Kelly v. Meyer, supra; McClelland v. Interstate Transit Lines, 139 Neb. 146, 296 N.W. 757; Shields v. Utah Light & Traction Co., 99 Utah 307, 105 P.2d 347.

In Dollarhide v. Gunstream, 55 N.M. 353, 233 P.2d 1042, the question was one of the propriety of sending the pleadings to the jury. We there said that the conduct of the parties before the trial court was equivalent to a request that the instructions be sent to the jury. The Dollarhide case is clearly distinguishable from the case before us.

■ We hold, under the circumstances of this case, that the trial court committed reversible error by embodying, practically verbatim into the first instruction, all of the pleadings hereinbefore set out, and the case should be reversed and remanded for a new trial.

Appellant also attacks the first instruction on the grounds that it introduced the false issue of subrogation into the case and thereby confused the jury. The complaint in intervention alleged that the intervening plaintiff was subrogated to the rights of the plaintiff as against the defendant. Appellant contends that, when an injured employee is paid workmen's compensation benefits because of an injury caused by a third person, the employer is entitled not to subrogation but to reimbursement from any award made to the workman by the third party. We need not decide this point, having already held that the case should be reversed and remanded for a new trial. However, should the question arise at the new trial, we direct the parties' and the trial court's attention to Reed v. Styron Construction Co., 69 N.M. 262, 365 P.2d 912; and Royal Indemnity Company v. Southern California Petroleum Corporation, 67 N.M. 137, 353 P.2d 358.

Most of appellant's other points raised on appeal relate to the giving or refusal to give certain instructions. In view of the necessity for a new trial, we decline to pass upon the other questions raised, being assured that, with the aid of counsels' research on this appeal, the able trial judge will properly instruct the jury.

The cause is reversed and remanded to the district court with direction to set aside the judgments entered in both causes Nos. 9630 and 9695, to reinstate the causes on the trial docket, and to grant a new trial.

It is so ordered.

CARMODY and NOBLE, JJ., concur.