. 395 P.2d 241 .

MERCANTILE NATIONAL BANK AT DALLAS, Trustee of the M. J. Florance Trust, Mona Florance, Administratrix of the Estate of M. J. Florance, deceased, Florence Florance, and W. P. Carr, Plaintiffs-Appellees.

v.

Juan J. MOYA, Defendant-Appellant.
Juan J. MOYA, Plaintiff-Appellant and Cross-Appellee,

v.

Mona FLORANCE, Administratrix of the Estate of M. J. Florance, deceased, Defendant-Appellee and Cross-Appellant.

No. 7467.

Supreme Court of New Mexico.

Sept. 8, 1964.

Dale B. Dilts, Albuquerque, for appellant.

Nicholas C. Dazzo, Albuquerque, for appellees.

MOISE, Justice.

This appeal is from a judgment entered in two cases involving related transactions and parties, and consolidated for trial.

The first case was commenced in 1954 and is No. 4327 on the docket of the district court of San Juan County. Mercantile National Bank at Dallas, Trustee of the M. J. Florance Trust, was plaintiff and Juan J. Moya, appellant here, was defendant. In a third amended complaint, M. J. Florance, Florence Florance and W. P. Carr appear as additional plaintiffs. Appellant Moya duly answered in this cause and also asserted a counterclaim against the plaintiffs.

The second case was brought by appellant Moya against M. J. Florance in 1959 and is No. 7431 on the docket of the district court of San Juan County.

It appears that M. J. Florance has died and that Mona Florance, Administratrix of his estate, substituted as a party in his stead in both actions. She has filed a cross appeal from the judgment against her in cause No. 7431.

Trial was held in 1962 and a consolidated judgment entered in the two cases. None of the parties submitted any requested findings or conclusions, and the court did not file any decision. However, the judgment, as entered, contained findings of fact and conclusions of law and awarded appellant Moya a judgment of $5,000.00 with interest, against appellee Mona Florance, Administratrix, in cause No. 7431, and decreed that the plaintiffs in cause No. 4327 were the owners of certain minerals and oil and gas leases as opposed to any claim of appellant Moya. Appellant Moya perfected an appeal from the judgment and here presents the single point that the court erred in arriving at the damages to which he was entitled.

It should be pointed out that the record discloses that a parade of lawyers have entered and withdrawn from the two cases. Present counsel for appellant Moya did not enter the case until practically a year had passed after allowance of the appeal and cross appeal, and almost two months had passed after a stipulation between counsel of record that notice of settling bill of exceptions was waived and that the appeal was only from the judgment insofar as it related to cause No. 7431. The order settling the bill of exceptions pursuant to the stipulation had also been entered.

Counsel for appellant forthwith moved that he be given an opportunity to file requested findings and conclusions, and further that the stipulation whereby it was agreed that the appeal proceed only as to cause No. 7431 be stricken. The record does not disclose that either of these motions was ever acted on by the court. However, no issue is made concerning the same on this appeal.

Rather, as already noted, the single point argued deals with claimed error in not applying the correct measure of damages.

We recently had occasion to discuss at some length the situation which results from a failure to timely request specific findings and conclusions. Edington v. Alba, 74 N.M. 263, 392 P.2d 675. What is there said is pertinent here.

The facts found by the court support the judgment, and no attack having been made on them here, we are not called upon to review the evidence in the record. Carlisle v. Walker, 47 N.M. 83, 136 P.2d 479; Teaver v. Miller, 53 N.M. 345, 208 P.2d 156; Rone v. Calvary Baptist Church, Inc., 70 N.M. 465, 374 P.2d 847; Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580.

Under the circumstances, we are in no position to consider whether the point made is legally correct, or whether there is evidence in the record that would support it.

As regards the cross appeal, no brief has been presented, nor issue made concerning errors committed by the court which affected the cross appellant adversely. The cross appeal is accordingly considered as having been abandoned and has not been considered by us.

No error having been pointed out, the judgment appealed from should be affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.