418 P.2d 62

Marion F. EMBREY, Administrator of the
Estate of Earl George Embrey,
Plaintiff-Appellant,

v.

Larry J. GALENTIN, d/b/a Industrial Com-
munications & Equipment Company, and
Otis Willard Head, Defendants-Appellees.

No. 7935.

Supreme Court of New Mexico.

Sept. 12, 1966.

J. Benson Newell, LaFel E. Oman, Las Cruces, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellees.

OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

Shortly after 5:00 p. m. on March 6, 1964, Otis Head, having concluded his scheduled day's work for his employer, Larry J. Galentin, and driving a pick-up truck owned by his employer, started home. The employee, being subject to call at all hours, kept the vehicle in his possession at night. A stop was made at a bar and later another stop at another bar. Leaving the last bar, Otis Head drove north on Main Street in Las Cruces toward his home, situate at the southwest corner of the intersection of North Main and Cambridge streets. Earl George Embrey, aged 16 years, had borrowed a motorcycle and, accompanied by a young girl, was riding south on North Main Street in the western-most lane of travel. At a point south of the center of the intersection of North Main and Cambridge streets, at approximately 7:30 p. m., the motorcycle collided with the pick-up truck and Earl George Embrey was killed.

Main Street, at the point where it is intersected by Cambridge Street, is a four-lane thoroughfare divided by a median, lighted by mercury vapor street lights spaced approximately 75 feet apart, flood lights from a Texaco station on the northwest corner of the intersection, and lights from a Root Beer stand immediately north of the Texaco station. The brake on the rear wheel of the motorcycle was not in working condition. The front wheel brake was in order. The lights were burning on the motorcycle. The pick-up truck had no mechanical defects and was headed in an almost westerly direction at the point of impact.

Marion F. Embrey, father of Earl George Embrey, as administrator of the estate of his deceased son, brought this action under the provisions of the Wrongful Death Statute against Otis Head and

Larry J. Galentin. The defendants alleged that the accident occurred as the result of the negligence or contributory negligence of Earl George Embrey in operating the motorcycle without a proper headlight and without brakes. The case was submitted to a jury and from a verdict in favor of both defendants, the plaintiff administrator has appealed.

 The appellant's first point presented for reversal of the judgment is that the trial court erred in refusing the plaintiff's request to have the jury view the scene of the accident. At the trial there were many photographs of the intersection, both ground and aerial, received into evidence. There was also a plat of the scene drawn to scale. In Thompson v. Anderman, 59 N.M. 400, 285 P.2d 507, we held that a jury view is within the sound discretion of the trial judge. The appellant fails to point out how the ruling was detrimental to the appellant's case and we do not find that there was an abuse of discretion.

 The second point advanced by the appellant is that the court erred in giving instructions Nos. 11, 13, 14 and 19 in that they were not pertinent to the issues of fact raised by the evidence and thus injected false and misleading issues. The appellant made timely objection to the giving of the instructions and attracted the trial court's attention to the claimed vice

therein. Two cases particularly should be kept in mind by trial courts in the preparation of jury instructions. In Haynes v. Hockenhull, 74 N.M. 329, 393 P.2d 444, we stated:

"The purpose of instructing the jury is to make the issues that they are to determine plain and clear."

 In Gerrard v. Harvey & Newman Drilling Company, 59 N.M. 262, 282 P.2d 1105, we stated:

"The purpose of instructions is to enlighten the jury. The instructions should call the attention of the jury to the specific issues which it must determine and should embrace only statements of law to be applied in the examination and determination of the issue. No statement should be included in any instruction which is likely to confuse or mislead any members of the jury."

To the same effect, see Martin v. LaMotte, 55 N.M. 579, 237 P.2d 923; Majors v. Kohlhousen, 33 N.M. 529, 270 P. 896; O'Neal v. George E. Bruce Lumber Co., 38 N.M. 94, 28 P.2d 523.

Instruction No. 11 given by the trial court was as follows:

"11. Section 64–18–24 N.M.S.A., 1953 Compilation, provides in part as follows:

'Turning movements and required signals.—(a) No person shall turn a

vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 76 (64-18-21), or turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement. * * *

* * * (c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.' "

■ There was no evidence received or offered in the trial of the case that justified the giving of part (c) of the statute just quoted. It injected a false issue and if considered by the jury, it could only confuse and mislead them from the real issues.

Instruction No. 13 given by the trial court was as follows:

"13. Section 64-18-1.1, New Mexico Statutes provides:

'In every event speed shall be controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the public highways in compliance with legal requirements and the duty of all persons to use due care.' "

■ There was no evidence received in the trial of the case indicating speed in excess of the lawful limit, or speed indicative of lack of due care under the circumstances. Since the evidence established that the defendant's vehicle was engaged in, or had just completed, a left turn and was moving very slowly, the jury would logically conclude that the force of this instruction was directed at the speed of the motorcycle. Since there was no evidence of excessive speed given by any witness, the issue thus raised by the instruction was not only false, but it was prejudicial.

Instruction No. 14 given by the trial court was as follows:

"14. You are instructed that Las Cruces City Ordinance Section 12-901.16 provides as follows:

WHEN LIGHTED LAMPS ARE REQUIRED. Every vehicle upon a roadway within this city at any time from a half hour after sunset to a half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the roadway at a distance of 500 feet, shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles, subject to exceptions with re-

spect to parked vehicles as hereinafter stated."

There was no evidence received or offered in the trial of the case indicating that either of the vehicles was without lights.

Instruction No. 19 given by the trial court was as follows:

"19. You are instructed that the mere fact that a vehicle may have a right of way does not relieve the driver thereof from exercising due care to avoid a collission [sic]. Such driver must, in approaching an intersection, do so at a reasonable safe speed· in relation to all the attendant circumstances and is bound to look for approaching or moving vehicles. If such driver has reason to think that because of the other driver's movements or negligence he will not be given the right of way, then it becomes the duty of such operator to do what he can to avoid a collission [sic] in the exercise of ordinary care and action, and that failure to do so would constitute contributory negligence."

This instruction read in connection with Instruction No. 13 served to emphasize the false issue of speed.

Concluding that part (c) of instruction No. 11 and instructions numbered 14 and 19 injected false issues and that instruction No. 13 not only injected a false issue but was prejudicial to the appellant particularly when read in connection with instruction No. 19. The judgment must be reversed. In doing so, we in no way alter the conclusions reached in Langenegger v. McNally, 50 N.M. 96, 171 P.2d 316, and Schoen v. Schroeder, 53 N.M. 1, 200 P.2d 1021. The judgment will be reversed and the trial court instructed to reinstate the case and grant the appellant a new trial.

It is so ordered.

NOBLE and MOISE, JJ., concur.