467 P.2d 725

STATE of New Mexico, ex rel. STATE HIGHWAY COMMISSION, Petitioner-Appellant,

v.

John L. GRAY, Ethel M. Gray, Mimbres Valley Bank and Warren McCan, Defendants-Appellees.

No. 8826.

Supreme Court of New Mexico.

April 6, 1970.

James A. Maloney, Atty. Gen., Joseph L. Droege, George D. Sheldon, Sp. Asst. Attys. Gen., Santa Fe, for appellant.

Sherman & Sherman, Deming, for appellees.

## OPINION

SISK, Justice.

The State Highway Commission has appealed from the judgment in a condemnation action in which a jury awarded $30,000 to defendants.

Defendant, John Gray, was the owner in fee of one tract of land on the south side of Railroad Boulevard in Deming, New Mexico. Gray was also the lessee, from the Southern Pacific Railroad, of a tract of land nearly opposite the fee land and on the north side of Railroad Boulevard. The two tracts, separated by the street, were used by Gray in the conduct of his business. Improvements on the fee land included an office building and sales, engineering and maintenance facilities; and on the leased land were situated a block plant, concrete batching plant, and warehouse and storage facilities. The State condemned and took all of the fee land but there was no condemnation or taking of any of the leased land.

Gray contended that the fee and the leased property should properly be considered as one tract, and that the taking of the fee property was a partial taking of the larger tract which entitled him to recover for severance damages to his leasehold interest in the remaining property. The State contended that there was only a total taking of one of two separate tracts.

At the first trial the court instructed the jury to determine whether the action by the State constituted a total taking of fee property only, or a partial taking of fee property combined with leased property. The jury decided that there was a total taking of the fee property only and awarded $16,000 for such taking. The trial court subsequently granted Gray's motion for new trial on the ground that as a matter of law the case should have been tried as a partial taking of the combined fee and leased land. Despite the granting of the new trial, the State appealed from the first judgment, and the transcript in the first trial was docketed in this court. On motion of Gray, the appeal was dismissed.

At the second trial, the jury was instructed that the condemnation action was a partial taking, and a verdict of $30,000 was returned.

■ The State argues five points, all of which relate to the single-tract concept or to the damages awarded. We must first consider, however, Gray's contention that the transcript of the first trial is not before this court because the praecipe did not call for and the transcript did not include the record of the first trial. The praecipe stated that "The record proper (pleadings) should commence with the next pleading filed after last pleading included in first transcript." The authorities cited by both parties are distinguishable from the situation existing on this appeal. We cannot consider any exhibit or other evidence which was not before the court and jury at the second trial, and, accordingly, will not consider the two plats attached to the State's brief. But the pleadings which constitute the record proper in the first transcript, which was properly docketed in this court, are before the court in this second appeal. Supreme Court Rule 14(10) provides:

"On a second or subsequent appeal or writ of error, the former transcript shall be deemed before the court, and the new transcript need contain only such of the record and proceedings as do not appear from such former transcript, and as required by the praecipe."

It was unnecessary, and would have been a useless act, to have included in the second transcript all of the pleadings already contained in the first transcript.

■ We now consider the State's first contention that as a matter of law the fee land and the leased land should not have been considered as one tract and severance damages allowed for the part not taken. In order to consider two tracts of land as one larger tract, in condemnation proceedings, the three factors of contiguity, unity of use, and unity of ownership must be considered. Although there are exceptions, and although various authorities emphasize

the relative importance of one or another of these factors, all three must generally be present in order to consider two tracts of land to be one combined tract. Montana State Highway Comm'n v. Robertson & Blossom, Inc., 151 Mont. 205, 441 P.2d 181 (1968); County of Santa Clara v. Curtner, 245 Cal.App.2d 730, 54 Cal.Rptr. 257 (1966); Barnes v. North Carolina State Highway Comm'n, 250 N.C. 378, 109 S.E.2d 219 (1959); 4 Nichols, Eminent Domain, §§ 14.31, 14.31[1], 14.31[2] (3d Ed.Rev.1962).

Here, although the two tracts were separated by a street, the test of contiguity is satisfied. Ives v. Kansas Turnpike Authority, 184 Kan. 134, 334 P.2d 399 (1959). Also, the test of unity of use is satisfied by abundant testimony that Mr. Gray used the two tracts together in the operation of his various business interests.

Unity of ownership, under the unusual facts of this case, however, is more difficult to determine. There is a split of authority in the few cases which consider whether fee ownership of one tract and some leasehold interest in an adjacent tract is sufficient to satisfy the unity-of-ownership requirement. In United States v. Honolulu Plantation Co., 182 F.2d 172 (9th Cir. 1950), the plaintiff owned a small amount of land in fee, which was not taken, and held leases on adjacent lands which were taken. Although the requirement of contiguity and unity of use were established, the court said that if a fee owner holds some lesser interest in adjacent property which is taken, he is not entitled to compensation, and that a lease on one parcel of land cannot be part of the fee simple estate of another parcel. In People ex rel. Department of Public Works v. Dickinson, 230 Cal.App.2d 932, 41 Cal.Rptr. 427 (1964), unity of ownership of two tracts was found to be lacking even though both tracts had been leased to a partnership by the individual partners who owned the tracts. Other cases have held that if a fee owner of one tract has a lease, for term of years, on an adjacent tract, there is suffi-

cient unity of ownership to entitle him to severance damages to his interest in the property not taken. People ex rel. Department of Public Works v. Nyrin, 256 Cal. App.2d 288, 63 Cal.Rptr. 905 (1967); State ex rel. LaPrade v. Carrow, 57 Ariz. 429, 114 P.2d 891 (1941); Chicago & Evanston R. R. v. Dresel, 110 Ill. 89 (1884); see also Annot., 95 A.L.R.2d 887, at 898.

We find no authority which considers whether fee ownership of one tract which was totally taken can be combined with the right to use another tract which was not taken, in order to satisfy the unity-of-ownership requirement. In order to resolve this question, it is necessary to examine the exact nature of the right and interest which Gray had in the property owned by the railroad.

The lease was for a period of one year and expired by its terms on April 1, 1963, more than three years before the date of taking on April 18, 1966. The lease provided that either party might terminate it on thirty days' notice and that in the event of termination the proportionate part of the $500 advance annual rental would be refunded. With regard to possible holding over, it provided:

> "16. In case Lessee holds over the term of this lease, with the consent of Railroad, such holding over shall be deemed a tenancy from month to month, and upon the same terms and conditions as herein stated."

Gray acknowledged that he became a month-to-month holdover tenant after expiration of the lease but argues that by accepting annual rental thereafter the railroad waived that provision of the lease. There was no testimony concerning any such waiver by the railroad, and no instruction was requested or given concerning waiver. This issue cannot be raised for the first time on appeal. Maryland Cas. Co. v. Foster, 76 N.M. 310, 414 P.2d 672 (1966); Bd. of Education of Village of Jemez Springs v. State Bd. of Education, 79 N.M. 332, 443 P.2d 502 (Ct.App. 1968). In response to a request for a rul-

ing concerning the term of the lease, the court noted that " \* \* \* the lease speaks for itself and has its terms and has the paragraph as to cancellation and as to holding over and we also have the testimony as to how long the landowner has been in possession of the particular land." We agree that the lease speaks for itself and we hold that it is unambiguous and that Gray's interest in the adjacent property owned by the railroad was that of a month-to-month holdover tenant. We will subsequently discuss whether this interest of Gray in the railroad property may be considered in determining the value of Gray's fee land which was taken by the condemnation action, but we hold that the month-to-month tenancy is not such an interest or right which will permit Gray's fee land and the land owned by the railroad to be combined into one tract and thereby constitute the State's action a partial taking.

It is stated in 2 Nichols, Eminent Domain, § 5.23[4] (3d Ed.Rev.1962), at 71–72:

"A tenant from year to year with a covenant of renewal may have his damages assessed with reference to the covenant, but a mere expectation of renewal, based on evidence that the landlord and tenant were mutually satisfied and were likely to keep on together, cannot be considered by the courts.

"A tenant from month to month, it has been held, has no such interest as entitles him to compensation."

We do not decide the issue of whether some greater leasehold interest than that held by Gray at the time of taking could be combined with a fee interest, with a resulting partial taking of the combined tract, but only that his interest here, as a holdover month-to-month tenant in the railroad property, was insufficient for that purpose.

■ In further support of the unity of ownership and partial taking concept, Gray argues that because he had been in possession of the railroad property for seventeen years, there was an expectation of renewal or continued possession. Although the lease contained no preferential right of renewal, Gray's expert witness considered a ten year future rental figure in arriving at his conclusion that Gray's interest in the property covered by the month-to-month tenancy was worth one-half of his fee land on a per-acre basis. Such expectations of future continued possession, based not on any legal right but only on the hopes and speculations of the party asserting the expectation, are not an interest in land sufficient to be combined with a tract of fee land to constitute a larger tract and to result in a partial taking.

Even where property subject to a short-term lease is actually taken, it has been held that a mere expectancy of renewal of the lease is not, in and of itself, an interest in land which constitutes a legal right to be separately valued and paid for. In Scully v. United States, 409 F.2d 1061 (10th Cir. 1969), the court quoted the following statement of Justice Holmes in Emery v. Boston Terminal Co., 178 Mass. 172, 59 N.E. 763 (1901):

" 'Changeable intentions are not an interest in land, and although no doubt such intentions may have added practically to the value of the petitioners' holding, they could not be taken into account \* \* \*. They added nothing to the tenants' legal rights, and legal rights are all that must be paid for. Even if such intentions added to the salable value of the lease, the addition would represent a speculation on a chance, not a legal right.' "

In our case, though not factually similar to the Emery case, we believe there is no justification to separately value a mere expectancy where no part of the leased property was taken, and where a holdover tenant seeks to combine a future leasehold expectancy with fee land, as an interest in a larger tract of land, in an effort to establish a partial taking and severance damages to the remaining leasehold expectancy.

■ Accordingly, we hold that the court erred in determining, as a matter of law,

and in instructing the jury, that there was a partial taking of Gray's property. We hold that the State's condemnation action was a total taking of all of the fee property owned by Gray, and that he may not be awarded damages for his month-to-month tenancy in the land which was not taken and which is owned by the railroad. To the extent that the value of Gray's land which was taken was increased in value as of the date of the notice of the taking by the fact, that the adjacent railroad land was available for his use in connection with his own land, such increased value may be considered.

In United States v. Jaramillo, 190 F.2d 300 (10th Cir. 1951), the United States condemned a New Mexico rancher's fee land and his state leased land, but did not condemn adjacent land on which he held a United States Forest Service grazing permit. His preferential right to the use of the grazing land remained, after the date of taking, as in the present case did Gray's right remain to use, on a month-to-month basis, the railroad land which was not condemned. The court held that in determining the value of the fee and leased lands which were totally taken, the accessibility and availability for use of the permit land, and the possibility of termination of such permit, could be considered. The opinion by Judge Murrah stated:

"In the judicial determination of fair value as just compensation for the land taken, the highest and most profitable use for which it is reasonably adaptable may be considered, 'not necessarily as the measure of value, but to the full extent that the prospect of demand for such use affects the market value while the property is privately held.' [Citing cases] All rights, easements and privileges appurtenant thereto should be considered in estimating its fair value or compensation to be paid, taking into account also the possibility of their being discontinued without resulting obligation. 2 Lewis Eminent Domain, 3d Ed., Sec. 721, p. 1262. In determining the adapta-

bility of the lands as a ranch, it was therefore proper to take into consideration the availability and accessibility of the permit land as an appurtenant element of value for ranching purposes, provided that consideration is also given to the possibility that the permits could be withdrawn or cancelled by the Government at any time without constitutional obligation to pay compensation therefor."

We believe this rule is equally applicable to Gray's month-to-month tenancy and that to the extent that his use of the railroad property increased the value of his fee land, as of the date of its taking, it could be properly considered as an appurtenant element of value. In State Highway Comm'n v. Bloom, 77 S.D. 452, 93 N.W.2d 572, 77 A.L.R.2d 533 (1958), the court allowed privately owned leased land which had not been condemned to be considered in determining the value of the fee land which was condemned. After referring to another case where government grazing permits were considered, the court said:

"The same principle applies to the privately owned land which has been leased for grazing purposes by the defendant for thirty years. Such leased quarter section is completely surrounded by defendant's land. It is a small parcel of grazing land of such a character and so located that it is adapted for use only as a part of a larger grazing unit. It is reasonably certain that such land will be available for continued use in the future as grazing land under lease by the owner of the surrounding lands. Its availability for rental and accessibility for use for grazing purposes under the circumstances shown is an appurtenant element of value of the base land for ranching purposes limited by the terms and likely duration of the lease and the possibility of its termination."

Compare: United States v. Cox, 190 F.2d 293 (10th Cir. 1951).

We have considered State ex rel. State Highway Comm'n v. Chavez, 80 N.M. 394,

456 P.2d 868 (1969) where damages were awarded for condemnation of access to State property on which the plaintiffs held a business lease, and do not consider our holding here to be in conflict. However, we cannot extend the holding in Chavez so far as to permit the mere speculation of expectation that a month-to-month tenancy may continue for an extended period of time to be a sufficient interest to constitute unity of ownership between condemned fee land and railroad land not condemned.

The cause is remanded with direction to set aside the judgment and grant a new trial to determine the amount of damages to which Gray is entitled for the taking of his fee land.

It is so ordered.

COMPTON, C. J., and WATSON, J., concur.