641 P.2d 506

Donald KINNEY, Petitioner,

v.

Irene LUTHER, Individually and as Administratrix of the Estate of William Luther, Deceased, Respondent.

No. 13831.

Supreme Court of New Mexico.

Feb. 23, 1982.

Willard F. Kitts, Miller, Stratvert, Torgerson & Brandt, Alan Konrad, Albuquerque, for petitioner.

Pedro Rael, Peter Gallagher, Albuquerque, for respondent.

OPINION.

PAYNE, Justice.

We granted certiorari to determine whether the trial court committed reversible error in refusing a particular non-Uniform Jury Instruction (U.J.I.). We hold that the refusal was not reversible error. We therefore reverse the Court of Appeals and reinstate the judgment entered by the trial court.

The vehicle in which plaintiff and her husband were riding was struck by a vehicle driven by Dr. Dan Cameron. Plaintiff was injured and her husband was killed. Cameron had been driving at an excessive speed and struck plaintiff's vehicle when it pulled out to cross the street on which Cameron was travelling. Cameron settled out-of-court with plaintiff.

Plaintiff brought suit against defendant Kinney, alleging that Kinney was racing with Cameron at the time of the collision and that this was a direct and proximate contributing cause to the collision. Kinney denied these allegations and asserted as an affirmative defense that plaintiff's decedent was contributorily negligent for pulling out onto the road without adequately stopping at the stop sign and assessing the situation.

The evidence was conflicting and went to the jury, who found that Kinney was not liable to plaintiff. Plaintiff appealed on grounds that one U.J.I. instruction which was given should not have been, and that

two non-U.J.I. instructions which were not given should have been. The Court of Appeals found no reversible error in two of the trial court's rulings, and we concur in this conclusion. However, the Court of Appeals held that it was reversible error not to give the following instruction:

> You are instructed that travelers using the public highways and streets have the right to assume that other travelers will exercise reasonable care and caution to avoid placing the lives or safety of others in peril and will obey applicable traffic regulations and rules of the road. A motorist is not bound to anticipate negligence or gross negligence on the part of another motorist, in the absence of anything to indicate otherwise, and the care and diligence of a motorist is to be measured in view of the assumption that other motorists will not drive in a negligent or grossly negligent manner. But this assumption does not apply where a motorist sees, or in the exercise of ordinary care and prudence should see, that another motorist will not obey the traffic rules or regulations.

We cannot agree that failure to give this instruction was reversible error.

We note that since this suit was filed, a new U.J.I. covering this issue has been adopted. N.M.U.J.I.Civ. 12.6, N.M.S.A.1978 (Repl.Pamp.1980), reads simply:

> A driver has the right to assume that other drivers will obey the law unless the driver sees, or by the exercise of ordinary care should have seen, that the driver of the other vehicle will not obey the law or is unable to avoid a collision.

We do not discuss plaintiff's offered instruction to evaluate its potential for future cases, since U.J.I. 12.6 is now applicable. Nevertheless, we discuss the offered instruction to provide guidance in future cases where non-U.J.I. instructions are offered in the absence of an applicable U.J.I.

■ Rule 51 of the Rules of Civil Procedure, N.M.S.A.1978 (Supp.1981), discusses the use of jury instructions. Subpart (F) states:

> *Instruction when no applicable UJI Civil.* Whenever the court determines that the jury should be instructed on a subject and no applicable instruction on the subject is found in UJI Civil the instruction given on that subject shall be brief, impartial and free from hypothesized facts.

Our courts have held that trial courts need not give erroneous instructions. *Goodman v. Venable,* 82 N.M. 450, 483 P.2d 505 (Ct. App.1971); *Lopez v. Maes,* 81 N.M. 693, 472 P.2d 658 (Ct.App.), *cert. denied,* 81 N.M. 721, 472 P.2d 984 (1970). Instructions should be as plain, simple and clear as possible. *Haynes v. Hockenhull,* 74 N.M. 329, 393 P.2d 444 (1964).

■ The offered instruction fails to meet these standards. It was taken from 7A Am.Jur.2d, *Automobiles and Highway Traffic* § 417 (1980). While it may be an appropriate summary of the law based on cases from several states, it is not an appropriate jury instruction. It certainly is not brief. Neither is it plain and simple, and we doubt it would be clear to a jury. A comparison with U.J.I. 12.6 illustrates these defects in plaintiff's instruction.

However, the instruction suffers a more serious defect in that it does not fairly represent the law in New Mexico. Plaintiff relies on *Williams v. Cobb,* 90 N.M. 638, 567 P.2d 487 (Ct.App.1977), to support its instruction. *Williams* involved a collision at an intersection in which a stop sign had been turned sideways. The plaintiff had both the general right-of-way, entering the intersection at the defendant's right, and the preferential right-of-way, given by the stop sign. Among other things, the plaintiff assigned error to the trial court's refusal to give two instructions on the assumption permitted to a motorist on a through street. The opinion of the Court of Appeals stated that it was reversible error to refuse these instructions. However, each of two concurring opinions disagreed with this conclusion; therefore, a majority of the panel thought that it was not reversible error to refuse these instructions. Judge Hernandez in his special concurrence, stated that:

[N]either of the tendered instructions gives an adequate indication that plaintiff was still subject to the duty of ordinary care despite her right to rely on having the right-of-way, so that if she saw or *should have seen* defendant's car approaching, she had a duty to try to avoid the collision.

*Id.* at 646, 567 P.2d at 495. This is also true here, especially since Luther did not have the right-of-way. We also note that the actual instructions proposed in *Williams* would have hurt Luther's case here, since Cameron had the right-of-way.

"In motor vehicle accident cases the instructions should define the relative degrees of care and caution properly exercisable by, and the corresponding duties under the surrounding facts and circumstances of, those involved in the accident." 8 Am.Jur.2d *Automobiles and Highway Traffic* § 1111 at 295 (1980). The essential defect in the proposed instruction is that it does not express a driver's duty to see that the other driver is unable to avoid a collision. Under the instruction Luther's only duty was to see that Cameron was speeding. However, even if Luther could not have seen that Cameron was speeding, Luther had a duty to see that Cameron could not avoid a collision. U.J.I. Civil 12.6, *supra*. This aspect of the rule that a driver has a right to assume that other drivers will obey the law is expressed in the omitted portion of the Am.Jur. language from which the instruction was taken:

> Where a motorist has had time to realize, or by the exercise of proper care and watchfulness should realize, that a traveler whom he meets is in a somewhat helpless condition or *apparently unable to avoid the approaching vehicle,* he must exert himself to avoid a collision. [Emphasis added and footnote omitted.]

7A Am.Jur.2d, *supra*, § 417.

Furthermore, it is not certain that the evidence supports giving this instruction. There is uncontradicted evidence that Cameron was speeding, and that Luther's view was not obstructed. There is no evidence that Luther could not have, by the use of ordinary care, detected the danger presented by Cameron. There was evidence that had Luther made a full stop he would have been better able to see that Cameron would not obey the law or would be unable to avoid a collision. Although there is evidence that if Cameron had not been speeding Luther could have crossed the intersection, this fact is unrelated to whether Luther had a right under the circumstances to assume Cameron was not speeding.

Given the defects in the instruction, and the weak factual basis upon which it was proposed, we hold that it was not error for the trial court to refuse this instruction.

Accordingly, the Court of Appeals is reversed and the judgment of the trial court is reinstated.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, respectfully dissenting.