747 P.2d 254

**STATE of New Mexico, ex rel. STATE HIGHWAY DEPARTMENT OF NEW MEXICO, Plaintiff–Appellee and Cross–Appellant,**

v.

**Lloyd N. STROSNIDER, et al., Defendants–Appellants and Cross–Appellees.**

**No. 9402.**

Court of Appeals of New Mexico.

Nov. 5, 1987.

Hal Stratton, Atty. Gen., V. Henry Rothschild, Sp. Ass't Atty. Gen., Santa Fe, for plaintiff-appellee and cross-appellant.

Paula J. Cotitta, John A. Myers, Johnson & Lanphere, P.C., Albuquerque, for defendants-appellants and cross-appellees.

## OPINION

DONNELLY, Chief Judge.

Landowner appeals from a judgment following a jury trial in a condemnation action. The central issue raised on appeal is whether the trial court erred in refusing landowner's requested jury instruction setting forth the elements of the unity rule for valuation of property in an eminent domain proceeding. We affirm the trial court's ruling.

The State Highway Department (state) filed eminent domain proceedings to condemn a portion of landowner's property for a highway interchange at the intersection of Interstate Highway 25 and Los Angeles Boulevard (now Paseo del Norte) in Albuquerque. Landowner owned two tracts, a triangular parcel and a larger tract. The two parcels were separated by a drainage channel owned by the City of Albuquerque. The state condemned all of the triangular parcel and a portion of the larger parcel, for a total of approximately 2.607 acres. Landowner claimed no severance damages to the remaining property as a result of the condemnation.

Three appraisers testified at trial and each gave disparate opinion testimony as to

the value of the land taken. Richard Godfrey, an expert witness for the state, testified that the property taken should be valued uniformly at $1.50 per square foot, resulting in a total damage award of $170,500.00. Armand Smith, another expert appraiser called by the state, calculated the value of the triangular parcel separately from that of the larger tract. He testified that the fair market value of the two parcels was $2.00 and $1.60 per square foot, respectively, for a total of $194,500.00. In contrast, landowner's appraiser, John Blatnik, valued the triangular parcel at $2.80 per square foot and the land taken from the larger tract at $2.50 per square foot. Blatnik testified that the market value for the combined taking was $293,000.00. The landowner also testified concerning the value of the property, stating that the value of the triangular parcel was $3.00 to $4.00 per square foot and $2.50 to $3.00 per square foot for the larger tract. In landowner's opinion, the total market value of the land condemned by the state was $299,834.50.

Landowner submitted a proposed jury instruction that provided: "In order to consider two tracts of land as one combined tract, all of the following three factors must be present: (1) physical contiguity, (2) unity of use, and (3) unity of ownership." The trial court refused the tendered instruction.

The trial court, however, submitted landowner's requested instruction no. 6 to the jury. This instruction set forth landowner's theory that the proper method of determining compensation for the property should be based upon the total taking of the "triangle" portion of land, and a partial taking of the remainder. The instruction also provided that the amount of compensation to which landowner is entitled for a total taking is the fair market value of the parcel on the date of the taking, and that the "amount of compensation in a partial taking is the difference between the fair market value of the entire parcel of property immediately before the taking and the fair market value of the remaining portion of that parcel of property immediately after the taking."

At the conclusion of trial, the jury returned a verdict finding the total value of the condemned property to be $182,500.00. On appeal, landowner argues that the trial court's failure to give his tendered instruction constituted prejudicial error.

## UNITY RULE

Landowner contends that the trial court erred in denying his requested jury instruction setting forth the elements of the unity rule. Landowner argues the evidence at trial indicated that the triangular parcel and the larger tract were two separate parcels, which did not meet the unity test for valuation as one single tract. Landowner also asserts that the trial court's refusal of his requested instruction prevented the jury from properly determining the damages that should be awarded, because the omission failed to apprise the jury of the appropriate standard to use in determining the value of the property. Underlying landowner's several contentions is his claim that the tendered instruction was necessary to capsulize the evidence and support his theory of valuation. The thrust of landowner's argument is that because the award of damages was below the values testified to by each of the appraisers, except Godfrey, and because Godfrey testified that the value of all the property taken from both tracts should be established at a uniform rate of $1.50 per square foot, presumptively the jury found that the property taken should be valued uniformly as one single tract. We find no error in the court's denial of the instruction.

■ It is a well-settled principle that a landowner is entitled to just compensation when his property is taken by condemnation. *Mountain States Tel. & Tel. Co. v. New Mexico State Corp. Comm'n*, 90 N.M. 325, 563 P.2d 588 (1977); U.S. Const. amend. V; N.M. Const. art. 2, § 20. Where only a single parcel is involved, determination of the condemnation award is made within the analytical framework of whether the taking is "entire" or only "partial". *State Comm'r of Transp. v. Silver*, 92 N.J. 507, 457 A.2d 463 (1983). New Mexico law provides for the following mea-

sure of damages in a "partial" condemnation proceeding:

> In any condemnation proceeding in which there is a partial taking of property, the measure of compensation and damages resulting from the taking shall be the difference between the fair market value of the entire property immediately before the taking and the fair market value of the property remaining immediately after the taking.

NMSA 1978, § 42A–1–26 (Repl.Pamp.1981).

This "before and after" rule is designed to compensate the landowner for any diminution in the fair market value of the remaining land caused by the taking. *El Paso Elec. Co. v. Pinkerton,* 96 N.M. 473, 632 P.2d 350 (1981). The "fair market value" is determined by examining what an unobligated willing purchaser would pay. *Id.*

■ On the other hand, where there are two separate parcels of land and only one parcel is condemned in its entirety, the functional unity or combination of the separate parcels is a pertinent consideration in assessing the fair market value of the remaining parcel as an element in the overall award of just compensation. *See State Comm'r of Transp. v. Silver.* Thus, appraising and valuing two or more parcels as separate and distinct, or deeming them to be a part of one large tract, affects the amount of compensation awarded.

The unity rule is a method commonly used to determine whether two or more parcels of land constitute a single tract for the purpose of ascertaining the market value of the property taken, or for the purpose of determining severance damages to the remaining property not subject to condemnation. *See United States v. 40,021.64 Acres of Land,* 387 F.Supp. 839 (D.N.M. 1975); 4A J. Sackman, *Nichols' The Law of Eminent Domain,* § 14.26 (Rev.3d ed. 1985); Annotation, *Unity of Ownership Necessary to Allowance of Severance Damages in Eminent Domain,* 95 A.L. R.2d 887 (1964); Annotation, *Unity or Contiguity of Properties Essential to Allowance of Damages in Eminent Domain*

*Proceedings on Account of Remaining Property,* 6 A.L.R.2d 1197 (1949).

■ Generally, the unity rule permits two or more parcels of land to be deemed one tract for the purpose of condemnation when they are contiguous or in near proximity and are united in use and ownership. *Commonwealth, Dep't of Transp. v. Crafton–Duncan, Inc.,* 668 S.W.2d 62 (Ky.App. 1984). *See also Babinec v. State,* 512 P.2d 563 (Alaska 1973) (the three factors of physical contiguity, ownership, and use are utilized to determine whether property taken constitutes part of a larger parcel); *City of Winston–Salem v. Tickle,* 53 N.C.App. 516, 281 S.E.2d 667 (1981) (laying out the test for unity of lands).

■ Under certain circumstances, however, the presence of each of the three unities is not required. The importance of each factor depends upon the circumstance of each case. *See United States v. Evans,* 380 F.2d 761 (10th Cir.1967); *Ives v. Kansas Turnpike Authority,* 184 Kan. 134, 334 P.2d 399 (1959); *Barnes v. North Carolina State Highway Comm'n,* 250 N.C. 378, 109 S.E.2d 219 (1959); 4A J. Sackman, *supra,* § 14.26. In *State ex rel. State Highway Comm'n v. Gray,* 81 N.M. 399, 400–401, 467 P.2d 725, 726–727 (1970), the supreme court noted that "[i]n order to consider two tracts of land as one larger tract, in condemnation proceedings, the three factors of contiguity, unity of use, and unity of ownership must be considered * * *. *[A]ll three must generally be present in order to consider two tracts of land to be one combined tract."* (Emphasis added; citations omitted.) As indicated in these opinions, the unity rule is subject to certain exceptions. Landowner's tendered instruction, however, failed to apprise the jury of applicable exceptions.

■ A party is entitled to have the jury instructed upon all correct legal theories of his case when the instruction comes within the ambit of the pleadings and there is evidence to support it. *Mac Tyres, Inc. v. Vigil,* 92 N.M. 446, 589 P.2d 1037 (1979); *McNeely v. Henry,* 100 N.M. 794, 676 P.2d 1359 (Ct.App.1984). A proffered instruction, however, must be in accord with the

evidence and constitute a correct statement of the law. SCRA 1986, 1–051(A), (B), (I). *See also Hudson v. Otero,* 80 N.M. 668, 459 P.2d 830 (1969); *Gerrard v. Harvey & Newman Drilling Co.,* 59 N.M. 262, 282 P.2d 1105 (1955); *Pittard v. Four Seasons Motor Inn, Inc.,* 101 N.M. 723, 688 P.2d 333 (Ct.App.1984). An instruction defining a legal term must explain the meaning of the term according to the facts of the case, and make clear and understandable the other instructions to which it applies. *See Stambaugh v. Hayes,* 44 N.M. 443, 103 P.2d 640 (1940); *Seamless Floors By Ford, Inc. v. Value Line Homes, Inc.,* 438 S.W.2d 598 (Tex.Civ.App.1969).

The function of an instruction is to instruct the jury as to the law applicable to the case and to assist it in reaching a fair and impartial verdict based upon the facts presented at trial. *See Embrey v. Galentin,* 76 N.M. 719, 418 P.2d 62 (1966); *see also* SCRA 1986, 1–051(F); 13–301; 13–2005. As observed in 75 Am.Jur.2d, *Trial* Section 613 (1974), an instruction should:

> [A]id and assist [the jury] in arriving at a proper verdict, and the instructions given by the trial court should be so drawn as to be easily and readily applied by the jury to the facts of the case under consideration. Such instructions should be clear and understandable, *whether they purport to define* issues of fact or to state the law applicable to a particular situation. They should be definite and certain as applied to the facts of the case * * *. (Footnotes omitted & emphasis added.)

▪ It is not error to refuse instructions that are incomplete, erroneous or repetitious. *Williams v. Cobb,* 90 N.M. 638, 567 P.2d 487 (Ct.App.1977) (Hernandez, specially concurring); *Goodman v. Venable,* 82 N.M. 450, 483 P.2d 505 (Ct.App. 1971). *See Kinney v. Luther,* 97 N.M. 475, 641 P.2d 506 (1982). Landowner's tendered instruction was unaccompanied by other language or instructions necessary to make the instruction meaningful or understandable to the jury. Under the facts herein, the jury could properly have found that the lands taken were used jointly as one tract despite the fact they were separated by a drainage channel. As observed by 4A J. Sackman, *supra,* at Section 14.26[1]:

> Physical separation by an intervening space between two parcels belonging to the same owner is ordinarily ground for holding that the parcels are independent of each other, but it is not necessarily a conclusive test. If the land is actually occupied or in use, unity of the use is the chief criterion. (Footnotes omitted.)

▪ Landowner responds to the state's argument that the proposed instruction is abstract, incomplete, and misleading, by asserting that because this objection was not voiced below, the contention cannot now be raised for the first time on appeal. Under the posture of the case before us, however, our appellate review of this issue is not so narrowly restricted. As observed in *Melton v. New Mexico Dep't of Human Services,* 97 N.M. 102, 637 P.2d 52 (Ct.App. 1981), a correct decision of the trial court will not be reversed if under any reasonable view of the facts and law, the judgment is proper. We follow this rule even if the trial court has reached the correct result for the wrong reason. *See H.T. Coker Constr. Co. v. Whitfield Transp. Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974); *Holmes v. Faycus,* 85 N.M. 740, 516 P.2d 1123 (Ct.App.1973).

The trial court properly instructed the jury as to the law applicable to the facts and its refusal to give landowner's tendered instruction was not error.

The judgment of the trial court is affirmed. Oral argument is unnecessary. *Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977). We do not discuss the state's cross appeal because it has been abandoned. A cross appeal is considered abandoned where no brief is presented in support thereof. *Mercantile Nat. Bank v. Moya,* 74 N.M. 521, 395 P.2d 241 (1964).

IT IS SO ORDERED.

GARCIA and APODACA, JJ., concur.