**54**

607 P.2d 592

**Joseph D. MURPHY and Elaine M. Murphy, his wife, Petitioners,**

v.

**TAXATION AND REVENUE DEPARTMENT, State of New Mexico, formerly known as the Bureau of Revenue, Respondent.**

**No. 12537.**

Supreme Court of New Mexico.

Feb. 4, 1980.

Mitchell, Alley & Rubin, James B. Alley, Jr., Santa Fe, for petitioners.

Jeff Bingaman, Atty. Gen., Daniel H. Friedman, Sp. Asst. Atty. Gen., Santa Fe, for respondent.

OPINION

EASLEY, Justice.

The New Mexico Taxation and Revenue Department (Department) denied Murphy's claim of a credit against her New Mexico income tax which was levied on income earned in New Mexico but also taxed by her domicile, the District of Columbia (District). The Court of Appeals affirmed the Department's denial, as do we.

This is a case of first impression in our courts. The principles of comity and good interstate relations, as well as the impact on New Mexico tax collections, demand careful scrutiny of the issues here. At issue is whether the District income tax credit provision satisfies the conditions of the New Mexico income tax credit provision. Reciprocal tax credit provisions, such as New Mexico's and the District's are designed to prevent double taxation.

Our New Mexico provision permits Murphy to reduce her New Mexico tax liability by claiming a credit for taxes paid on the same income to the District if the District grants substantially similar credits to New Mexicans, or if the District taxes its domiciliaries' income derived from New Mexico and exempts New Mexicans' income derived from the District. Although the problem is not as simple as it appears because of the District's more expansive definition of taxable "residents", we conclude that neither of these conditions are met. Both the District's interpretation, and therefore application, of its credit provision and its taxation of New Mexicans deriving income from unincorporated businesses within the District require that we so conclude.

During the tax years in question, 1974, 1975 and 1976, Murphy was a domiciliary and resident of the District. She received income from a real estate partnership and from oil and gas wells in New Mexico. As required, she paid the tax on her New Mexico income to the District. Murphy filed a New Mexico tax return and claimed a credit for the tax, attributable to her New Mexico income, which she had paid to the District. The Department disallowed the credit.

Murphy appealed to the Court of Appeals. The Court of Appeals affirmed the Department's decision. Although we agree with the Court of Appeals' disposition of the case, we disagree with its basis for upholding the Department. Its opinion turns on the unequal treatment accorded a taxpayer residing in New Mexico for less than seven months versus a taxpayer residing in the District for less than seven months. The Court of Appeals stated that in New Mexico this taxpayer receives a credit for District taxes paid and thereby reduces his New Mexico tax liability, but that in the District this taxpayer neither receives a credit nor is exempt from District taxation. The implication is that the taxpayer residing in the District for less than seven months *is taxed* by the District. The District tax laws do not so provide. Except for persons receiving income from unincorporated businesses within the District, the District simply does not tax persons residing there for less than seven months.

The District imposes a tax on the taxable income of every District "resident". D.C. Code § 47–1567b (1973 & Supp.1978). Its credit provision is couched in terms of "credits allowed residents." § 47–1567d(a). Except in the one instance mentioned above and discussed below, the District does not tax its "non-residents" and therefore need not grant them a credit. But the District's definition of "resident" encompasses persons who may well be bona fide domiciliaries of other states and therefore still subject to taxation in their states of domicile. The District defines a "resident", except for certain federal employees, as every individual domiciled within the District on the last day of the taxable year and other individuals who maintain their place of abode in the District for more than seven months in the taxable year, whether domiciled in the District or not. § 47–1551c(s).

New Mexico taxes the net income of all New Mexicans and all non-domiciliaries deriving income from property in New Mexico. § 7–2–3, New Mexico Income Tax Act, N.M.S.A. §§ 7–2–1, *et seq.* (1978) (Cum. Supp.1979). We base our definition of "res-

ident" on both a person's domicile and his intent. A New Mexico "resident" is an individual domiciled in New Mexico at any time during the taxable year who does not intentionally change his domicile by the end of the year. § 7–2–2(P). It is clear that the District's more expansive definition of "resident" includes many bona fide New Mexico domiciliaries. We find that there is a material difference in the definitions of a District "resident" and a New Mexico "resident."

For purposes of this opinion and in order to identify the actors in this drama, the nomenclature will be as follows: "DC–1" means a permanent domiciliary of the District who is taxed by the District on his entire net income and who is taxed by New Mexico on his income derived from New Mexico. Murphy is a DC–1. "DC–2" means a person who comes within the District's definition of "resident" and whose entire net income is taxed by the District but who is really a bona fide domiciliary of New Mexico and who is thus subject to New Mexico taxation on his entire income. "NM–1" means a permanent domiciliary of New Mexico who is taxed by New Mexico on his entire income.

The New Mexico credit provision for tax paid other states by "non-resident individuals" is spelled out in Section 7–2–19. This New Mexico *non-domiciliary credit provision* provides:

[w]henever a nonresident individual taxable under this Income Tax Act has become liable for income tax to the state where he resides upon his net income for the taxable year, derived from sources within this state and subject to taxation under this Income Tax Act, the amount of income tax payable by him under this act shall be credited with such proportion of the tax so payable by him to the state where he resides as his income subject to taxation under this Income Tax Act bears to his entire income upon which the tax so payable to such other state was imposed; provided, that such credit shall be allowed only if the laws of said state

grant a substantially similar credit to residents of this state subject to income tax under such laws, or impose a tax upon the personal incomes of its residents derived from sources in this state and exempt from taxation the personal incomes of residents of this state. * * *

As paraphrased and as it applies to this case, Section 7–2–19 means that Murphy, a DC–1, is entitled to a credit against her New Mexico tax liability in the amount of the tax paid to the District on her New Mexico income if: (1) the District grants a substantially similar credit to DC–2s (NM–1s are not included because District credit provisions only extend to District "residents" and the District, except in one specific instance discussed below, does not tax "non-residents"); or (2) the District imposes a tax upon the income of DC–1s deriving income from New Mexico and exempts from taxation the income of NM–1s and DC–2s (DC–2s are not taxed by the District on income derived from New Mexico as discussed below and DC–2s need to be included within the group of New Mexicans who should be exempt from District taxation because they are New Mexico domiciliaries or brought within the gamut of the District taxation scheme because of the District's expansive definition of "resident").

The District's credit tax provision permits a DC–2 who owes District taxes to receive a credit against those taxes in the amount he is "required" to pay New Mexico. § 47–1567d(a). Does this credit provision satisfy either of the conditions specified above in the New Mexico non-domiciliary credit provision?

Looking at the first condition, does the District grant a "substantially similar" credit to DC–2s? At first blush, it appears so. The District grants a credit to a DC–2 who owes tax to the District in the amount he must pay to New Mexico. And under Section 7–2–19, New Mexico grants a credit to a DC–1 against his New Mexico tax liability in the amount that he paid to the District.

But a District court and a District tax administrator have interpreted the District's provision to mean that the District credit does not apply to the extent that an individual can claim a tax credit in his state of domicile. *See John P. Sensinig v. District of Columbia*, Mem.Order, Superior Ct. D.C., April 15, 1977, Docket No. 2278; Affidavit of Lestor Gargon, Associate Director for Tax Administration of District of Columbia Department of Finance and Revenue, December 19, 1977. (Copies of both filed with the Court of Appeals.) In other words, under the District's statute, only when a District "resident" is "required" to pay tax in his state of domicile on the same income the District taxes can a District "resident" claim a credit. If the state of domicile provides for a credit to its domiciliaries, the District "resident" is not required to pay tax to his state of domicile and cannot therefore claim the District credit. Only the residents of those states which do not provide for a credit for their domiciliaries are considered to be "required" to pay taxes to their state of domicile and can therefore claim the District credit.

Section 7–2–13A provides for a credit for taxes paid to other states by NM–1s and DC–2s on non-New Mexico derived income. This New Mexico *domiciliary* credit provision must be distinguished from the New Mexico *non-domiciliary* credit provision, Section 7–2–19, at issue here. Section 7–2–13A permits a DC–2 to take a credit against his New Mexico income tax for taxes paid to the District on non-New Mexico derived income. "Accordingly, pursuant to § 47–1567d(a) * * *, such a person would not be permitted to avail himself of the credit under § 47–1567d in calculating his District of Columbia tax on the same income." Garten Affidavit, p. 5. In other words, a DC–2 cannot claim a District credit against non-New Mexico derived income as to his District tax liability because New Mexico's domiciliary credit provision permits him to claim the credit against the same income as to his New Mexico tax liability.

If Murphy had her way, the result would be: although a DC–2 could claim a New Mexico credit against his New Mexico income tax liability for his non-New Mexico

derived income and pay the District-assessed taxes to the District, the DC–2 could not pay the tax in New Mexico and then claim the credit against taxes assessed by the District on non-New Mexico derived income. Thus, if we subscribe to Murphy's theory, in both situations the District's coffers are receiving the tax dollars.

Murphy argues that although the District credit is not available against a DC–2's District tax liability as to non-New Mexico derived income because of New Mexico's domiciliary credit provision and the District's interpretation of "required" in its credit provision, this does not prevent the District credit provision from being "substantially similar" to the New Mexico non-domiciliary credit provision. We disagree. To be "substantially similar" in this case, Murphy would have to concede to the New Mexico non-domiciliary credit *not being available* against a DC–1's New Mexico tax liability on non-District derived income. This is precisely the fact situation we are presented with here: a DC–1, Murphy, is insisting that the New Mexico non-domiciliary credit *be available* against her New Mexico income tax liability on her New Mexico derived income.

Neither the District nor Murphy can have the cake and eat it too. We hold that the District credit provision does not meet the first condition of the New Mexico non-domiciliary credit provision; it is not "substantially similar."

Looking to the second proviso in the New Mexico non-domiciliary credit provision, does the District law impose a tax upon the income of DC–1s derived from New Mexico sources and exempt from taxation the personal incomes of NM–1s and DC–2s? Clearly, the District imposes a tax on DC–1s deriving income from New Mexico. But it does not exempt from taxation the personal incomes of all NM–1s and DC–2s.

As noted above, the District only taxes the income of its "residents." Thus, the District generally exempts from taxation NM–1s. But it does tax the income of those NM–1s deriving income from an unincorporated business within the District.

§§ 47–1574 and 47–1574b. This is one group of New Mexicans that the District does not exempt from taxation.

As discussed above, DC–2s are taxed by the District for all non-New Mexico derived income. Since the New Mexico domiciliary credit provision only applies to non-New Mexico derived income, the District interprets a DC–2s tax liability on New Mexico derived income as being "required" and the District therefore grants them a credit against those taxes paid to New Mexico. In other words, DC–2s are exempt from District taxation as to their income derived from *within* New Mexico. As to their income derived *without* New Mexico though, the District does not exempt DC–2s from taxation. Thus, here is another group of New Mexicans that the District does not exempt from taxation: DC–2s with income derived from *without* New Mexico.

We hold that the second condition of New Mexico's non-domiciliary credit tax provision is not met either. Although some New Mexicans are exempt from District taxation, some are not. NM–1s deriving income from unincorporated businesses within the District and DC–2s deriving income from without New Mexico are both taxed by the District. The second condition of the New Mexico non-domiciliary credit provision requires that New Mexicans, *as a class*, be exempt from District income taxation before New Mexico will grant a credit to DC–1s.

Murphy claims that the taxing authorities of Virginia and Maryland, both of which have provisions identical to New Mexico's non-domiciliary credit provision, recognize the District as a reciprocal state. *See* Md.Tax. & Rev.Code Ann. art. 81, § 291(a) (1957) (Repl.1975); Va.Code § 58–151.015(b) (1950) (Repl.1975). But inconsistencies exist between Maryland's and Virginia's determinations as to which states reciprocate. We do not attempt to reconcile their interpretations of their laws with our decision. Their determinations cannot be controlling when we have determined that reciprocity does not in fact exist between the District and New Mexico.

**58**

We hold that reciprocity in the District's tax system does not exist. Double taxation is a heavy burden on Murphy. But she must take it up with the appropriate District officials if she wants to be granted relief from her New Mexico tax liability.

We affirm the Court of Appeals' decision upholding the other of the New Mexico Taxation and Revenue Department denying Murphy the credit against her New Mexico tax liability.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE and FELTER, JJ., concur.

FEDERICI, J., respectfully dissenting.