650 P.2d 36

**William R. WILSON, d/b/a Skylard Agency Real Estate, Plaintiff-Appellant,**

v.

**David HAYNER, Lillian N. Hayner and Roger Hayner, Defendants-Appellees.**

**No. 5335.**

Court of Appeals of New Mexico.

Aug. 3, 1982.

Pedro G. Rael, Los Lunas, for plaintiff-appellant.

Stephen A. Hubert, Martin, Cresswell & Hubert, P.A., Las Cruces, for defendants-appellees.

## OPINION

SUTIN, Judge.

Wilson, a real estate broker, sued the Hayners [Hayner], owners of land, for a real estate commission. The jury rendered a verdict for Hayner and Wilson appeals from the judgment. We affirm.

Wilson claims the trial court erred (1) in denying admission of certain evidence, (2) in refusing to instruct on Hayner's duties to Wilson, and (3) in giving certain instructions.

### A. *There was no error in denial of evidence.*

During the course of trial, Wilson sought the admission in evidence of a warranty deed and a purchase and sales contract involving partial sales of Hayner's land. These sales occurred after the expiration of Wilson's listing agreement with Hayner and ten months after this action was filed.

Wilson claims this evidence was relevant to show (1) that Hayner prevented Wilson from introducing other qualified buyers to Hayner, including the two who purchased land from Hayner, and (2) that the prospective purchaser himself was a qualified buyer. We disagree. Wilson cites no authority to support his position.

Rule 401 of the Rules of Evidence states:

"Relevant evidence" means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In other words, under this rule, there must be an important fact in the case to be determined. To establish this fact, a party submits evidence. If the evidence tends to make the existence of the fact more probable, the evidence is relevant. If less probable, the evidence is not relevant. Whatever naturally and logically tends to establish a fact in issue is relevant. The determination of relevancy, as well as materiality, rests largely within the discretion of the trial court. *Wright v. Brem*, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970).

The facts to be determined are stated above. They are important facts because they are the basis of Wilson's complaint. The question is:

Did the deed and the purchase and sale contract of portions of Hayner's land, transactions between Hayner and other purchasers after the listing agreement with Wilson had expired, tend to make the existence of those facts more probable or less probable than they would be without the evidence?

With reference to whether evidence of the subsequent sales were relevant to show that the prospective purchaser was a qualified buyer, the documents offered in evidence had no relationship with the prospective purchaser with whom Hayner was dealing. The evidence did not in any way tend to make more probable the existence of the fact that the prospective purchaser was a qualified buyer.

■ Neither did the subsequent sales by Hayner to other purchasers tend to make more probable the existence of the fact that Hayner prevented Wilson from introducing other qualified buyers to Hayner, including the two who subsequently purchased land from Hayner.

Wilson argues that Hayner had a duty to inform Wilson about Hayner's negotiations with the prospective purchaser; that Hayner did not tell Wilson of disagreements that existed between Hayner and the prospective purchaser, and that Hayner "prevented" Wilson from introducing other qualified buyers such as the two who later purchased portions of Hayner's land after the listing expired and ten months after this action was filed. Therefore, Wilson claims the deed and the purchase and sale contract were relevant evidence.

■ In the owner-broker relationship, the contractual duties of the owner are to compensate the broker for services rendered in accordance with the contract of employment and to exercise good faith toward the broker so long as the relationship exists. *Campbell v. Sickels*, 197 Va. 298, 89 S.E.2d 14 (1955); *Jennings v. Trummer*, 52 Or. 149, 96 P. 874 (1908); 12 Am.Jur.2d Brokers § 100 (1964). The owner-broker relationship existed between February 14, 1979 and February 14, 1980, the period during which the listing agreement was in effect.

"In its traditional sense good faith connotes a moral quality; it is equated with honesty of purpose, freedom from fraudulent intent and faithfulness to duty or obligation." *Raab v. Casper*, 51 C.A.3d 866, 124 Cal.Rptr. 590, 593 (1975).

■ Hayner's only duty to Wilson was to act in good faith toward effecting a sale of his land to the prospective purchaser supplied by Wilson. This duty did not include a repetitious report to Wilson of the progress of the negotiations. It is not a duty based upon a fiduciary relationship. Wilson owed Hayner a fiduciary duty. *Iriart v. Johnson*, 75 N.M. 745, 411 P.2d 226 (1965). This fiduciary duty was not reciprocal. If Wilson desired information on the progress of Hayner's negotiations, inquiry should have been made.

*City of Clovis v. Archie*, 60 N.M. 239, 241, 290 P.2d 1075 (1955) defines "prevent" as "keep from happening, hinder, frustrate." Hayner did not keep Wilson from introducing other qualified buyers, including the two who subsequently purchased land. If Wilson was hindered or frustrated during the period of negotiations, it was due to his failure to make inquiry. Wilson was free to supply as many qualified buyers as he deemed necessary in compliance with his listing agreement.

Wilson's syllogism is erroneous in several respects: (1) in negotiations with the prospective purchaser presented by Wilson, Hayner acted in good faith; (2) on December 5, 1979, Wilson knew that the prospective sale had fallen through. The listing agreement expired February 14, 1980. During this interim period, Wilson failed to locate, pursue or produce any other buyers ready, willing and able to buy, including the two known to Wilson who did purchase portions of Hayner's land after the listing expired; (3) whether any would have been ready, willing and able to buy is pure speculation; and (4) Hayner did not "prevent" Wilson from pursuing his duties. All that Wilson wanted was payment of a commission from Hayner which the jury denied.

The deed and purchase and sale agreement were not relevant evidence and the denial of their admission in evidence was a correct ruling.

B. *Denial of Wilson's requested instruction was proper.*

■ Wilson tendered an instruction on the issues which set forth one duty for Wilson and five duties for Hayner. Wilson claims the court refused to instruct the jury about Hayner's legal duties to Wilson as his theory of the case. His theory of the case was:

8. Sellers directly or indirectly through their actions have prevented the performance of the listing agreement which by its terms entitles Plaintiff to his commission.

The court instructed the jury:

Plaintiff claims:

\*     \*     \*     \*     \*     \*

(c) That he is entitled to the commission under the listing agreement because he was prevented by one or more of the defendants by their actions from performing under the listing agreement.

The trial court instructed the jury on Wilson's theory as to the duty of Hayner.

Wilson's requested instruction also included duties of Hayner to exercise due diligence, act in good faith, communicate to Wilson the change in terms and the reason, and communicate to Wilson reasons for refusing to complete a transaction. These duties fall within the theory of "prevention." If uncertainty should be claimed with reference to this conclusion, Wilson did not plead these duties in his complaint.

■ Wilson slanted this instruction to place heavy burdens on Hayner during the jury's deliberations. Such instructions frustrate the intent of the law. "Many miscarriages of justice result from the highly technical nature of jury instructions." UJI, p. 7. The purpose of instructing the jury is to make the issues to be determined plain and clear. *Haynes v. Hockenhull*, 74 N.M. 329, 393 P.2d 444 (1964). No statement should be included which is likely to confuse or mislead the jury. *Embrey v. Galentin*, 76 N.M. 719, 418 P.2d 62 (1966).

Wilson claims these burdens were dictated by *Southwest Motel Brokers, Inc. v. Alamo Hotels, Inc.*, 72 N.M. 227, 382 P.2d 707 (1963). This case does not recognize or create the legal duties enumerated in Wilson's requested instruction. It dealt solely with the issue as to whether a broker is entitled to a commission where the seller, without reason, refused to consummate a sale to a ready, willing and able purchaser. Furthermore, unlike *Southwest*, the potential buyer refused to consummate the sale, not Hayner. An instruction on the issues is the most important single instruction in the lawsuit. The court and lawyers should give particular attention to its finalization. The court did.

Wilson's requested instruction was properly denied.

C. *Certain instructions given were not prejudicially erroneous.*

■ Instruction No. 2 given was the first paragraph of UJI 8.20 entitled "Fraudulent misrepresentation." Wilson objected "on the grounds that before fraud is established, there has to be some detriment or some damage shown and there is no evidence of any damage or any detriment to the defendants." Hayner asked for no affirmative relief by way of damages. The last paragraph of UJI 8.20 reads:

If you find these four elements, the other party can recover damages proximately resulting from the fraudulent misrepresentation.

This paragraph was omitted.

Instructions No. 3 and 4 given are UJI 8.5 and 8.2 respectively under the subject matter of Contracts. Wilson, not Hayner tendered the first sentence of UJI 8.5. This was refused. The trial court added thereon appropriate parts of the instruction. Wilson cannot complain. Wilson's objection to UJI 8.2 was innocuous.

The trial court properly instructed the jury.

Affirmed. Wilson shall pay the costs of this appeal.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.