833 P.2d 1194

**Dawna Charlene BACA,
Plaintiff–Appellant,**

v.

**Dr. Jose VELEZ, Defendant–Appellee.**

**No. 11540.**

Court of Appeals of New Mexico.

May 13, 1992.

Certiorari Denied June 18, 1992.

Pedro G. Rael, Los Lunas, for plaintiff-appellant.

Hal Greig, Van Soelen, Greig, Gutierrez & Richards, Clovis, for defendant-appellee.

## OPINION

CHAVEZ, Judge.

Plaintiff appeals a jury verdict in favor of Defendant on her assault and battery claim. She raises eight issues on appeal: (1) whether the trial court erred in granting summary judgment on the assault claim; (2) whether the trial court erred in excluding evidence of the character of Defendant; (3) whether the trial court erred in excluding testimony of size and strength differences between Plaintiff and Defendant; (4) whether the trial court erred in allowing the testimony of three witnesses disclosed near the date of trial; (5) whether the trial court erred in refusing to allow the admission of the deposition or the taped testimony of a witness; (6) whether the trial court erred in refusing to allow a polygraph tape to be played to the jury; (7) whether the trial court erred in allowing Defendant to make conclusive remarks in his opening statement; and (8) whether the trial court erred in refusing to instruct the jury on assault. We affirm.

### FACTS

This cause of action arose as a result of an incident alleged by Plaintiff to have occurred at Clovis High Plains Hospital in July 1986. Defendant is an orthopedic surgeon and a member of the staff of the hospital. Plaintiff, a nurse at the hospital at the time of the incident, worked with and was in charge of instruments. A disagreement occurred between Plaintiff and Defendant regarding certain instruments, including an osteotome, also known as a

bone chisel. During the disagreement, Plaintiff alleges that Defendant jabbed Plaintiff in the back with the sharp end of the osteotome.

## DISCUSSION

Plaintiff's first issue is whether the trial court erred in granting partial summary judgment on her cause of action for assault. In reviewing a motion for summary judgment, this court looks to the whole record and views matters in the light most favorable to support a trial on the merits. *North v. Public Serv. Co.*, 97 N.M. 406, 640 P.2d 512 (Ct.App.1982). Defendant's motion for partial summary judgment was supported by excerpts from the depositions of Mary Jane Petty and Plaintiff. Plaintiff did not file affidavits or other material opposing the motion, but argued at the hearing, as she does on appeal, that she felt afraid "after the initial jabbing." In her deposition, when asked if she felt "any anticipation that he might injure [her] further," Plaintiff answered "I wasn't sure. I was scared then." She also stated that she left immediately after the alleged touching.

We determine this evidence to be sufficient to sustain the trial court's grant of partial summary judgment on the issue of assault. While assault and battery are closely related, one may exist without the other. *See* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 10, at 46 (5th ed. 1984). All batteries do not include an assault. For there to be an assault, there must have been an "act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." NMSA 1978, § 30–3–1(B) (Repl.Pamp.1984). There was no evidence that Plaintiff felt scared before the touching took place. Therefore, there was no genuine issue of material fact whether, under these circumstances, an assault actually occurred.

Plaintiff's second issue is whether the trial court erred in excluding character evidence of Defendant. Admission of character evidence is within the discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Allen*, 91 N.M. 759, 581 P.2d 22 (Ct.App.1978). Plaintiff cites several cases that allowed character evidence when character itself was at issue. In this case, however, Defendant did not put his character into issue. Also, Plaintiff's counsel argued to the trial court that the evidence in question was probative of Defendant's character and his propensity to be aggressive and domineering over women. SCRA 1986, 11–404(B) prohibits the use of evidence of other acts "to prove the character of a person in order to show that he acted in conformity therewith." Refusal to admit this evidence was not an abuse of discretion.

Plaintiff's third issue is whether the trial court erred in refusing to admit testimony of size or strength differences between Plaintiff and Defendant. The determination of relevancy and materiality rests largely within the discretion of the trial court. *Wilson v. Hayner*, 98 N.M. 514, 650 P.2d 36 (Ct.App.1982). In light of the nature of the charges against Defendant, we do not consider it an abuse of discretion for the trial court, under these circumstances, to have ruled that comparisons of the size and strength of the parties would be more prejudicial than probative. In addition the jury was able, by their own in-court observations, to view the differences between the parties.

Plaintiff's fourth issue is whether the trial court erred in allowing testimony from three witnesses disclosed near the date of trial. In reference to the lay witnesses, SCRA 1986, 1–026(E)(1) places a duty on a party to seasonably supplement his response to a request to identify each of the persons expected to be called as a witness at trial. Plaintiff failed to provide us with facts indicating that the time frame in which Defendant informed her of the lay witnesses was not seasonable. *See* SCRA

1986, 12–208(B)(3). There is nothing to indicate that Defendant knew he would be calling the two new lay witnesses at an earlier point in time and chose not to disclose their identities until it would be too late for Plaintiff to depose them. *Id.* Also, Defendant disclosed the identity of the witnesses within the time frame allowed by the pre-trial order. The pre-trial order states that both counsel for Plaintiff and Defendant presented argument on Defendant's motion for a pre-trial order, which only asked that time deadlines be set by the court and did not specify what deadlines were desired. Therefore, counsel for Plaintiff could have anticipated such problems arising and argued against the deadlines that were set.

The case of *Beverly v. Conquistadores, Inc.,* 88 N.M. 119, 537 P.2d 1015 (Ct.App. 1975), is distinguishable from the case at hand. In *Beverly,* counsel for one of the parties indicated he had knowledge of an additional witness whom he might call to testify at the trial and refused to name the witness when ordered to do so by the trial court. This is not the situation here.

With regard to the expert witness, SCRA 1986, 11–707(D) requires any party who intends to use polygraph evidence at trial to serve written notice of such intention on the opposing party, not less than ten days before trial. Plaintiff admits Defendant complied with this rule. Under these circumstances, we cannot say the trial court abused its discretion in not granting Plaintiff a continuance and in allowing the expert witness to testify.

■ Plaintiff's fifth issue is whether the trial court erred in refusing to allow the admission of the unsigned deposition or the taped testimony of witness Mary Petty. SCRA 1986, 1–030(E) states in pertinent part:

Unless examination and reading of a deposition are waived by the witness and the parties, or unless the party requesting that a witness sign his deposition make[s] other arrangements for submit-

ting a deposition to the witness, the court reporter shall advise the witness and the parties, in writing, when the transcript is ready for examination. Any changes in form or substance which the witness desires to make shall be entered * * *. The deposition shall then be signed by the witness.

Additionally, SCRA 1986, 1–032(C)(4), which here should be read in conjunction with Rule 1–030(E), provides that "[e]rrors and irregularities in the manner in which the * * * deposition is * * * signed * * * under Rules 1–030 and 1–031 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained."

In this case, Defendant's objection was made with reasonable promptness upon discovery that the deposition was unsigned and Plaintiff did not claim that Defendant had waived the signature requirement. We hold that the trial court did not err in refusing to allow the unsigned deposition testimony of the witness into evidence. *See Garcia v. Co–Con, Inc.,* 96 N.M. 308, 629 P.2d 1237 (Ct.App.1981).

■ We note that Defendant offered the Petty deposition in support of his motion for partial summary judgment. When Defendant did so he in effect vouched for the accuracy of that deposition. We believe that having offered the deposition, Defendant should not thereafter be allowed, under the doctrine of judicial estoppel, to object to the admission of the same deposition when offered by the opposing party. *See, e.g., Citizens Bank v. C & H Constr. & Paving Co.,* 89 N.M. 360, 366, 552 P.2d 796, 802 (Ct.App.1976) (" 'Judicial estoppel' simply means that a party is not permitted to maintain inconsistent positions in judicial proceedings."); *Eads Hide & Wool Co. v. Merrill,* 252 F.2d 80, 84 (10th Cir.1958) ("Where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have

changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."). Had Plaintiff argued that the first deposition should have been admitted, notwithstanding the lack of the witness's signature or express waiver of same, on the basis that defendant himself had utilized that same deposition in support of his successful motion for partial summary judgment, we would have favored reversal and remand for new trial. Plaintiff, however, has not advanced a judicial estoppel argument on appeal, nor did she invoke a ruling on this issue by the trial court. *See* SCRA 1986, 12–216 (party must invoke a ruling by the trial court to preserve issue for review). Because Plaintiff has not raised or preserved this issue, we cannot address it on appeal.

■ With regard to the tape recording of the deposition, SCRA 1986, 1–030(B)(4) states:

The parties may stipulate in writing or the court may upon motion order that the testimony at a deposition be recorded by other than stenographic means. The stipulation or order shall designate the person before whom the deposition shall be taken, the manner of recording, preserving and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy.

There is no evidence in the record that any stipulation or order was made, or that any measures were taken to assure that the recording was accurate and trustworthy. The trial court did not err in refusing to allow the tape recording of the deposition.

■ Plaintiff's sixth issue is whether the trial court erred in not allowing the polygraph interview tape to be played to the jury. SCRA 1986, 11–707 specifically deals with the use of polygraph examinations. Polygraph examinations are defined as "test[s] using a polygraph instrument which at a minimum simultaneously graphically records on a chart the physiological changes in human respiration, cardiovascular activity, galvanic skin resistance or reflex for the purpose of lie detection." SCRA 1986, 11–707(A)(2). A polygraph examiner is a licensed professional who uses his skills and training to read, interpret, and score the responses to the examination. *Lewis v. Rodriguez,* 107 N.M. 430, 759 P.2d 1012 (Ct.App.1988). Therefore, the specific rule concerns itself with the admission of the results of the polygraph examination, which requires the professional skill of a trained polygraph examiner. *See* SCRA 1986, 11–707(C). In light of this, we cannot say the trial court erred in refusing to allow the tape of the examination to be played.

■ Plaintiff's seventh issue is whether the trial court erred in allowing Defendant's counsel to make conclusory arguments in his opening statement. "The burden is on the plaintiff to establish that the opening statements made by defendant, in all probability must have produced some effect upon the final results of the trial." *Proper v. Mowry,* 90 N.M. 710, 716, 568 P.2d 236, 242 (Ct.App.1977). Our examination of the record shows Plaintiff failed to make such a showing to the trial court or this court.

Plaintiff's eighth issue is whether the trial court erred in refusing to instruct the jury on assault. Having previously decided that the trial court did not err in granting summary judgment on the assault issue, the jury did not need to be instructed on the assault, because that claim was not properly before them. We affirm.

IT IS SO ORDERED.

BIVINS and FLORES, JJ., concur.