This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WILLIAM C. SEVERNS,**

Protestant-Appellant/Cross-Appellee,

v.                                                                          **NO. 31,817**

**NEW MEXICO TAXATION AND**
**REVENUE DEPARTMENT,**

Respondent-Appellee/Cross-Appellant.

**IN THE MATTER OF THE PROTEST OF**
**WILLIAM C. SEVERNS & DIANE SEVERNS**
**TO ASSESSMENT ISSUED UNDER LETTER**
**ID NO. L1943398784, L0715680128, L2080205184,**
**LI074899328, L0384412032, LI25551040, and**
**LI308387712**.

**APPEAL FROM THE TAXATION AND REVENUE DEPARTMENT**
**Brian VanDenzen, Hearing Officer**

Tax Estate & Business Law, Ltd.
Clinton W. Marrs
Albuquerque, NM

Mendel Blumenfeld LLP
David J. Abell
Albuquerque, NM

for Appellant/Cross-Appellee

Gary K. King, Attorney General
Tonya Noonan Herring, Special Assistant Attorney General
Santa Fe, NM

for Appellee/Cross-Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     William C. Severns (Severns) appeals from the decision and order of a hearing officer affirming the New Mexico Taxation and Revenue Department's (the Department) assessment of unpaid personal tax and interest for tax years 2001-2004 and 2006-2007.  The main issue on appeal is whether the hearing officer correctly determined that Severns was a New Mexico resident during the tax years at issue.  In addition, the Department cross-appeals the hearing officer's decision to abate the Department's assessment of penalties.  Having considered the arguments raised in each appeal, we remain unpersuaded and therefore affirm the decision and order of the hearing officer.

**BACKGROUND**

{2}     For tax years 1977 through 2000, Severns and his wife, Diane Severns, were residents of New Mexico and filed joint New Mexico personal income tax returns. From tax year 2001 onwards, the Severns did not file personal income tax returns in New Mexico or in any other state.  On June 13, 2008, the Department issued seven notices of assessment for unpaid personal income tax, penalties, and interest for tax

years 2001 through 2007. Mr. Severns was the only party named in the seven notices of assessment.

{3}     Severns timely filed a written protest to the assessments, claiming that he and his wife were not New Mexico residents during the tax years at issue and that they had in fact changed their residency from New Mexico to Nevada in 2001. Severns' protest was heard by a Department hearing officer over the course of a two-day evidentiary hearing. During the hearing, Severns withdrew his protest with respect to tax year 2005, conceding that he was a New Mexico resident during that year. *See* NMSA 1978, § 7-2-2(S) (2007) (amended 2010) (providing that an individual is a New Mexico resident for purposes of taxation if he or she is physically present in the state for one hundred eighty-five days or more during the taxable year). After the hearing, the hearing officer entered a decision and order finding that Severns and his wife were New Mexico residents for all remaining tax years at issue and that there was insufficient evidence to establish a change of domicile from New Mexico to Nevada. On this basis, the hearing officer affirmed the assessment of personal income taxes plus interest for tax years 2001-2004 and 2006-2007. However, the hearing officer reversed the Department's assessment of penalties based on his finding that Severns was not negligent in failing to file personal income tax returns for these tax years. In addition, the hearing officer determined that Severns was not entitled to recover attorney fees.

3

**{4}** Severns timely appealed the hearing officer's residency determination and the failure to award attorney fees to this Court. *See* NMSA 1978, § 7-1-25(A) (1989) (providing for direct appeals to this Court from a decision and order of the hearing officer). The Department filed a cross-appeal of the hearing officer's decision to abate the assessment of the penalties. We address the arguments raised in each appeal in turn.

**STANDARD OF REVIEW**

**{5}** On appeal, this Court shall set aside a decision and order of the hearing officer only if it is (1) arbitrary, capricious, or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law. Section 7-1-25(C); *Holt v. N.M. Dep't of Taxation & Revenue*, 2002-NMSC-034, ¶ 4, 133 N.M. 11, 59 P.3d 491. "While we employ the whole record standard of review, the evidence is viewed in the light most favorable to the decision of the hearing officer." *Brim Healthcare, Inc. v. Taxation & Revenue Dep't*, 119 N.M. 818, 819, 896 P.2d 498, 499 (Ct. App. 1995); *see Kewanee Indus., Inc. v. Reese*, 114 N.M. 784, 786-87, 845 P.2d 1238, 1240-41 (1993). "If more than one inference can be drawn from the evidence[,] then the inference drawn by the hearing officer is conclusive." *Kewanee Indus.*, 114 N.M. at 787, 845 P.2d at 1241. In reviewing the hearing officer's decision, we also take into account the statutory presumption that an assessment of taxes by the Department is correct, *see* NMSA 1978, § 7-1-17(C)

4

(1992) (amended 2007), and that Severns had the burden of overcoming this presumption of correctness. *See Holt*, 2002-NMSC-034, ¶ 4 (noting that the "burden is on the taxpayer protesting an assessment by the Department to overcome the presumption that the Department's assessment is correct." (alterations, internal quotation marks, and citation omitted)).

**DISCUSSION**

**Main Appeal**

{6}      Severns appeals the hearing officer's determination that he was a New Mexico resident during tax years 2001-2004 and 2006-2007 and that there was insufficient evidence to establish a change in domicile from New Mexico to Nevada in 2001. Severns specifically contends that the hearing officer (1) misapplied New Mexico law on domicile by requiring Severns to show that he maintained a continuous physical presence in Nevada during the tax years at issue; (2) erred in holding that Severns failed to rebut the statutory presumption that the Department's assessments were correct; and (3) misapplied the factors for determining domicile, as set forth in 3.3.1.9(C)(4) NMAC (12/15/2010). We turn first to the applicable law and then address the arguments raised by Severns.

**1.      New Mexico Law on Residency**

5

**{7}** Under NMSA 1978, Section 7-2-3 (1981), "[a] tax is imposed at the rates specified in the Income Tax Act upon the net income of every resident individual" unless otherwise exempted by law. Prior to 2003, "resident" was defined in the Income Tax Act as "an individual who was domiciled in [New Mexico] during any part of the taxable year." Section 7-2-2(S) (1993). An individual was not a resident if he or she, "on or before the last day of the taxable year, changed his place of abode to a place" outside of New Mexico "with the bona fide intention of continuing actually to abide permanently [there.]" *Id.*

**{8}** In 2003, the Legislature amended the definition of resident to include "an individual who is physically present in [New Mexico] for one hundred eighty-five days or more during the taxable year[.]" Section 7-2-2(S) (2003). Thus, following the amendment, an individual is considered a New Mexico resident if he or she was domiciled in New Mexico during any part of the taxable year or if he or she was physically present in New Mexico for one hundred eighty-five days or more during the taxable year. *Id.* The Legislature further indicated that "any individual, other than someone who was physically present in the state for one hundred eighty-five days or more during the taxable year, who, on or before the last day of the taxable year, changed his place of abode to a place" outside of New Mexico "with the bona fide intention of continuing actually to abide permanently [there]" was not a resident for purposes of taxation. *Id.*

6

{9}     Our Supreme Court has stated that the definition of residency is substantially synonymous with domicile for income tax purposes. *Hagan v. Hardwick*, 95 N.M. 517, 518, 624 P.2d 26, 27 (1981); *see Murphy v. Taxation & Revenue Dep't*, 94 N.M. 54, 55, 607 P.2d 592, 593 (1980) (stating that a New Mexico "resident" is "an individual domiciled in New Mexico at any time during the taxable year who does not intentionally change his domicile by the end of the year"). "Domicile" has been defined in the Department's regulations as "the place where an individual has a true, fixed home, is a permanent establishment to which the individual intends to return after an absence, and is where the individual has voluntarily fixed habitation of self and family with the intention of making a permanent home." 3.3.1.9(C)(1) NMAC. "Every individual has a domicile somewhere, and each individual has only one domicile at a time." *Id.*

{10}     In *In re Estate of Peck*, 80 N.M. 290, 292, 454 P.2d 772, 774 (1969), our Supreme Court provided that "a change of domicile requires both physical presence in the new locality and an intention to abandon the old domicile and to make a home in the new dwelling place without a present intention to leave it[.]" Later, in *Hagan*, our Supreme Court set forth the following standard for determining a change in domicile:

> To effect a change from an old and established domicile to a new one, there must be a fixed purpose to remain in the new location permanently or indefinitely. For domicile once acquired is presumed to continue until

7

> it is shown to have changed, and to show the change two things are indispensable,—"First, residence in the new locality; and, second, the intention to remain there[.]

95 N.M. at 519, 624 P.2d at 28 (alterations, internal quotation marks, and citation omitted); *see* 3.3.1.9(C)(2) NMAC ("Once established, domicile does not change until the individual moves to a new location with the bona fide intention of making that location his or her permanent home.").

## 2.     Severns' Arguments on Appeal

{11}     Severns' initial argument on appeal is that the hearing officer misapplied New Mexico law on domicile by requiring Severns to show that he maintained a continuous physical presence in Nevada during the tax years at issue. Relying on authority from other jurisdictions, Severns argues that there is no requirement that a taxpayer remain physically present in the new locality for a minimum period of time—instead, what is dispositive in showing a change of domicile is a concurrence of intent and physical presence in the new locality, "however fleeting" that physical presence may be. In contending that the hearing officer erroneously created a minimum durational physical presence requirement, Severns points to a single sentence in the hearing officer's decision and order where the hearing officer stated that "[Severns] simply lacked enough physical presence in a new locality to pass the *Estate of Peck* and *Hagan* change of domicile standard."

8

{12} Our review of the hearing officer's decision leads us to conclude that Severns has taken the above sentence out of context to create the impression that the hearing officer required Severns to show a minimum period of physical presence in Nevada during the tax years at issue. This was not the case. The hearing officer's analysis of Severns' residency included a thorough discussion of applicable New Mexico law on domicile and correctly set forth the test for establishing a change of domicile. The hearing officer's discussion of Severns' physical presence in Nevada was solely in the context of describing conduct by Severns that undercut his expressed intention to change domicile from New Mexico to Nevada. As the hearing officer stated in the decision, Severns' "physical presence is . . . a relevant consideration for the entire period at issue in this matter because it is an objective fact in which [Severns'] intentions can be measured against [Severns'] actions." While the single sentence relied upon by Severns may give the improper impression that the hearing officer crafted a minimum physical presence requirement, the sentence merely supports the hearing officer's conclusion that Severns' physical presence, or lack thereof, in Nevada undercut his testimony that he intended to establish residency in Nevada. We acknowledge that Severns maintained below, and on appeal, that he and his wife became empty-nesters in 2001, left New Mexico, and established Nevada residency during that same year and then embarked on a "new lifestyle of full-time RVing" during the remaining tax years at issue. However, even given Severns' arguments

regarding his travels, we conclude that it was not improper for the hearing officer to consider, as relevant to the question of Severns' intent to establish Nevada residency, the fact that Severns spent only 105 days, "or less than 5% of the total time, in Nevada over a seven-year period[,]" and "over half [his] time—1,377 days—in New Mexico."

{13}     Before considering Severns' remaining arguments, we note that Severns ignores the effect of his concession for tax year 2005 on subsequent tax years 2006 and 2007—during which he spent zero and four days in Nevada, respectively. Having conceded that he was a New Mexico resident during tax year 2005 due to his physical presence in the state for one-hundred eighty five days or more, we presume that Severns' residency in New Mexico continued in subsequent tax years 2006 and 2007, unless shown otherwise. *See Hagan*, 95 N.M. at 519, 624 P.2d at 28 (stating that a "[d]omicile once acquired is presumed to continue until it is shown to have changed"). Severns stipulated below that he spent zero days in Nevada during tax year 2006 and, thus, without any physical presence in Nevada that year, it was not possible to establish a change of domicile from New Mexico to Nevada during 2006. *See Estate of Peck*, 80 N.M. at 292, 454 P.2d at 774 (stating that "a change of domicile requires both physical presence in the new locality and an intention to abandon the old domicile"); *see also Hagan*, 95 N.M. at 519, 624 P.2d at 28 (explaining that "residence in the new locality" is one of two indispensable elements required in showing a change of domicile). In tax year 2007, Severns stipulated that he spent only

10

four days in Nevada, and there is no indication that Severns presented any evidence below showing that he had an intent to change his domicile from New Mexico to Nevada during the four days he spent in Nevada. Thus, Severns failed to overcome the presumption that the Department's assessments of unpaid personal income tax and interest for tax years 2006 and 2007 were correct. Although the hearing officer did not consider the concession in its analysis of these two tax years, we conclude that the hearing officer correctly held that Severns remained a New Mexico resident during tax years 2006 and 2007. *See Conoco, Inc. v. Taxation & Revenue Dep't*, 122 N.M. 745, 756, 931 P.2d 739, 750 (Ct. App 1995) ("To the extent that our analysis differs from that of the hearing officer, this Court will affirm if the ruling appealed from is right for any reason."), *rev'd on other grounds*, 1997-NMSC-005, 122 N.M. 736, 931 P.2d 730.

{14} We therefore consider Severns' remaining arguments in the context of the remaining tax years at issue, 2001-2004. With respect to tax year 2001, Severns contends that the evidence shows that he physically moved to Nevada with the intention of making Nevada his new domicile, thereby meeting the *Estate of Peck* and *Hagan* requirements for a change in domicile. We construe this as a substantial evidence argument and thus consider whether the hearing officer's determination that Severns remained a New Mexico resident during tax year 2001 was not supported by substantial evidence.

{15}     In support of his determination that Severns remained a New Mexico resident during tax year 2001, the hearing officer applied a presumption based on regulations in effect during tax year 2001. 3.3.1.9(C)(1) NMAC (12/14/2000). The hearing officer found that Severns was presumed to be a New Mexico resident during that year because he possessed a New Mexico driver's license and remained a registered New Mexico voter that year. *See id.* (providing that an individual is presumed to be a New Mexico resident during a taxable year if the individual is registered to vote in New Mexico and has not subsequently registered to vote in another state, or if the individual has a New Mexico driver's license and has not been subsequently licensed by another state before the end of the taxable year). On appeal, Severns argues that the hearing officer improperly imposed this presumption because Severns attempted to change his voter registration to Nevada at a shopping mall in 2001. Although this attempt at registration failed and Severns did not ultimately change his voter registration to Nevada until tax year 2004, Severns argues that the hearing officer should have considered the attempt as sufficient to rebut the presumption. However, aside from citing to a Department decision and order that is not binding on this Court, Severns fails to point to any authority that supports his position that the attempt to change voter registration was sufficient. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists). We therefore see no

12

basis upon which to conclude that the hearing officer erred in applying the presumption of residency because Severns remained a New Mexico registered voter and licensed New Mexico driver in 2001.

{16} Next, Severns argues that a number of actions taken by him and his wife in 2001were sufficient to rebut the presumption that the Department's assessment for tax year 2001 was correct. *See* 3.1.6.12(A) NMAC (01/15/2001) (stating that "[t]he effect of the presumption of correctness is that the taxpayer has the burden of coming forward with some countervailing evidence tending to dispute the factual correctness of the assessment made by the secretary"). Specifically, Severns relies on the following facts as supporting a change of domicile from New Mexico to Nevada: (1) the purchase of a RV lot in Boulder City, Nevada, in February 2001; (2) consulting with a New Mexico attorney in January 2001 regarding plans to change domicile; (3) recording a homestead declaration in Nevada for the RV lot in March 2001; (4) ordering banking checks made with the Nevada RV-lot address on them in September 2001; (5) Severns' wife obtaining a Nevada driver's license in September 2001; (6) Severns' wife registering to vote in Nevada and Severns' unsuccessful attempt to change voter registration in September 2001; (7) divestment of personal property and storing personal effects during 2001; and (8) leaving New Mexico community affiliations and groups. Severns contends that the hearing officer erred in concluding

that Severns failed to overcome the presumption of correctness based on the foregoing facts.

{17} After review of the whole record, we disagree with Severns' argument and conclude that the hearing officer's determination that Severns remained a New Mexico resident during tax year 2001 and all remaining tax years at issue was supported by substantial evidence. Although Severns undertook some actions in 2001 that might support a conclusion that he intended to change domicile to Nevada, there were contrary facts in the record to support the hearing officer's determination that Severns remained a New Mexico resident during that year. As we observed earlier, the evidence is viewed in the light most favorable to the decision of the hearing officer, and "[i]f more than one inference can be drawn from the evidence[,] then the inference drawn by the hearing officer is conclusive." *See Kewanee Indus.*, 114 N.M. at 787, 845 P.2d at 1241. The hearing officer found that Severns was physically present in New Mexico for 233 days in 2001 and spent only fourteen days in Nevada that year. Although Severns argues that he had physically moved to Nevada by the fall of 2001 and abandoned his New Mexico domicile, the record shows otherwise. According to exhibits placed in the record by Severns, he spent one day in Nevada in February (the date the RV-lot deed was recorded), three days in September (stopping over in Nevada during a trip to San Diego), and eleven days in early December. However, after the December trip to Nevada, Severns returned to New Mexico, and

14

he proceeded to spend 222 days in New Mexico in 2002, returning to Nevada for only twenty-one days during that year. Thus, although Severns took acts that supported a connection to Nevada in 2001, he nevertheless returned to New Mexico at the end of tax year 2001 and continued to spend significant amounts of time in New Mexico in subsequent years.

{18} Moreover, Severns remained a New Mexico licensed driver throughout all tax years at issue and even went so far as to renew his New Mexico driver's license for an additional eight years in 2003. Severns failed to change his voter registration to Nevada until 2004. The RV purchased by Severns in October 2001 was registered and titled with the New Mexico Motor Vehicle Division, and it remained registered in New Mexico throughout all remaining tax years. In addition, the property tax bills for the Nevada RV-lot purchased by Severns in 2001 were mailed to Severns' Albuquerque home. With the exception of one vehicle that was registered in Nevada in September 2001, all of Severns' remaining vehicles, including those acquired before and during the tax years at issue, were registered in New Mexico.

{19} Severns continued to own a home in Albuquerque, New Mexico, and he paid for cleaning, maintenance, and utility costs each month during all of the tax years at issue. The Albuquerque home was used as a "mail dump" throughout the relevant tax years, and Severns had house-sitters gather the mail and forward it to him at whatever location Severns was in. Although Severns and his wife donated a number of personal

15

belongings in 2001, their remaining personal effects were stored in a barn at Severns' Albuquerque home and remained there during all subsequent tax years. Severns continued banking with a bank that had locations in New Mexico and in Nevada. And Severns spent the holidays in New Mexico in tax years 2001-2003. Throughout the tax years at issue, Severns received no medical care in Nevada, and he continued to receive any necessary medical, dental, and other related care in New Mexico.

{20}     Severns argued below, and again on appeal, that his continued activities in New Mexico during the tax years at issue were merely because New Mexico was a centralized location that fit well within his RV-travel plans. However, travel charts covering Severns' travels during years 2003 through 2006 showed that *all* travel during these years began in Albuquerque and ended in Albuquerque. That is, except in instances where Severns stopped in Nevada during a trip, all trips departed from Albuquerque and returned there, whether the trips were taken by RV or by air travel. When Severns and his wife were not traveling, the RV was stored, not in Nevada, but at their Albuquerque home. Thus, as the hearing officer noted in his decision, New Mexico, and not Nevada, remained "the common denominator in most of [Severns'] travels."

{21}     In light of the whole record before us, we conclude that there was substantial evidence to support the hearing officer's determination that Severns remained a New Mexico resident in tax year 2001 and all subsequent tax years. Even though Severns

presented evidence of preparatory acts taken in 2001, there is a multitude of countervailing findings entered by the hearing officer that support the hearing officer's residency determination. Based on the foregoing, we affirm the hearing officer's denial of Severns' protest as to unpaid personal taxes and interest for tax years 2001-2004 and 2006-2007. In light of our holding, we affirm the hearing officer's determination that Severns is not entitled to attorney fees. *See* NMSA 1978, § 7-1-29.1(A), (B)(3)(b) (2003) (providing that a taxpayer is entitled to reasonable administrative costs, including attorney fees, in connection with an administrative hearing if the taxpayer is the prevailing party).

**The Department's Cross-Appeal**

{22} The Department appeals the hearing officer's decision to eliminate the civil negligence penalty that was assessed by the Department against Severns for tax years 2001-2004 and 2006-2007. The penalty assessed by the Department was based on NMSA 1978, Section 7-1-69 (2007), the civil penalty for failure to pay a tax or file a return. Section 7-1-69(A) provides, in pertinent part, that a penalty may be added to an assessment where the failure to pay personal income taxes is "due to negligence or disregard of [D]epartment rules and regulations, but without intent to evade or defeat a tax[.]" In this case, the hearing officer determined that Severns was not negligent and, thus, not subject to the civil penalty under Section 7-1-69(A) because

he "relied on the advice of competent counsel in attempting to change domicile[.]" The Department contends that this determination by the hearing officer was erroneous.

{23} The Department first argues that Section 7-1-69 is not applicable under the facts of this case because Severns intentionally or willfully evaded the payment of personal income taxes. *See* § 7-1-69(A) (providing that the civil penalty may be added where the failure to pay is "due to negligence or disregard of [D]epartment rules and regulations, *but without intent to evade or defeat a tax*" (emphasis added)). The Department points to certain conduct by Severns that it alleges supports a finding of an intent to evade the payment of personal income taxes. Severns argues that the Department failed to raise this argument before the hearing officer and thus did not preserve this issue for appeal. We agree.

{24} Section 7-1-25(A) provides that the protestant or the Department may appeal the decision and order of the hearing officer to this Court "*but only to the same extent and upon the same theory as was asserted in the hearing* before the hearing officer." (Emphasis added.) In this case, the Department failed to argue below that Section 7-1-69 was inapplicable; to the contrary, the Department stated in its closing argument that the assessment of the penalty against Severns was governed by Section 7-1-69 and that, under this section, Severns was subject to the penalty because he was negligent in failing to pay personal income taxes. In its proposed findings and conclusions of law submitted after the hearing, the Department again reiterated that

18

the penalty was correctly assessed under Section 7-1-69 on the basis of negligence, and the Department did not seek a finding that Severns intentionally evaded the payment of personal income taxes. Thus, the hearing officer was never alerted to and did not enter a ruling on the argument now raised by the Department on appeal—that Section 7-1-69 is inapplicable because Severns attempted to evade payment of personal income taxes. We therefore do not consider this issue on appeal. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where, in the record, the party invoked [a] ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue.").

**{25}** The Department argues, in the alternative, that even if Section 7-1-69 is applicable, the hearing officer erred in finding that Severns was not negligent in failing to pay personal income taxes during the tax years at issue because Severns relied on the advice of competent counsel in attempting to change domicile. "Negligence," for purposes of Section 7-1-69(A), is defined as the "failure to exercise that degree of ordinary business care and prudence which reasonable taxpayers would exercise under like circumstances; . . . inaction by taxpayers where action is required; . . . [or] inadvertence, indifference, thoughtlessness, carelessness, erroneous belief or inattention." 3.1.11.10 NMAC (01/15/2001).

19

{26} Section 7-1-69 and the Department's regulations also describe circumstances where a taxpayer may be found to not be negligent in failing to file personal income taxes. Specifically, Section 7-1-69(B) provides that "[n]o penalty shall be assessed against a taxpayer if the failure to pay an amount of tax when due results from a mistake of law made in good faith and on reasonable grounds." And the Department's regulations include a list of situations where a taxpayer may be found to not be negligent or in disregard of Department rules and regulations. *See* 3.1.11.11 NMAC (01/15/2001). In this case, the hearing officer determined that the following situation set forth in 3.1.11.11(D) NMAC applied to this case:

> [T]he taxpayer proves that the failure to pay tax or to file a return was caused by reasonable reliance on the advice of competent tax counsel or accountant as to the taxpayer's liability after full disclosure of all relevant facts[.]

The hearing officer concluded that Severns proved that he had "sought and relied on the advice of competent counsel . . . before attempting to switch . . . domicile from New Mexico to Nevada." The hearing officer credited Severns' testimony regarding his consultations in 2001 and 2002 with a New Mexico attorney regarding a change of domicile from New Mexico to Nevada, and in particular, found that an invoice from one of these consultations confirmed the nature of the advice given by this attorney. The invoice stated that the attorney held "a conference with [Severns] regarding

20

change of domicile. All facts considered in determining domicile. Review of facts which indicate change of domicile to Nevada."

{27} The Department argues that the hearing officer incorrectly applied 3.1.11.11(D) NMAC because Severns failed to disclose all relevant facts to the attorney at the time of the consultations. We are not persuaded. The hearing officer concluded that all relevant facts were provided to the attorney on the basis of the attorney invoice and Severns' corroborating testimony. The Department asks this Court to draw other conflicting inferences from the record as to what facts Severns should have but failed to disclose to the attorney. We decline to do so because "[i]f more than one inference can be drawn from the evidence[,] then the inference drawn by the hearing officer is conclusive." *Kewanee Indus.*, 114 N.M. at 787, 845 P.2d at 1241. Finally, the Department argues that Severns' "inattention to the effect of [his] change in circumstances" in tax years beyond 2001 and his failure to seek additional tax advice regarding domicile in later years constitutes negligence. We disagree. The hearing officer determined that Severns' reliance on counsel's advice was reasonable and that Severns followed the advice provided by counsel. The hearing officer concluded that Severns' actions in later years—including specifically keeping the Albuquerque home as an investment property—were based on the advice provided by the attorney, and that the consultations were sufficient to support a finding of non-negligence. *See Tiffany Constr. Co. v. Bureau of Revenue*, 90 N.M. 16, 17, 558 P.2d 1155, 1156 (Ct.

21

App. 1976) (upholding a penalty assessment where the taxpayer failed to seek advice from legal or accounting sources and reiterating that a taxpayer's duty to ascertain the possible tax consequences of his action can be met by consultation with one's legal advisor). We decline to speculate as to future actions Severns should have taken where the hearing officer properly determined that Severns' initial consultations with counsel fulfilled the requirements of 3.1.11.11(D) NMAC. Based on the foregoing, we affirm the hearing officer's abatement of the civil negligence penalty.

**Diane Severns Was Not a Party Below**

{28}     In both appeals, Severns and the Department contest whether Severns' wife, Diane Severns, was a party to the protest hearing below. We note that the hearing officer's decision and order named Mrs. Severns as a party to the protest and referred to her and her husband as "Taxpayers" subject to the Department's assessments. On appeal, Severns argues that the hearing officer's order incorrectly identifies Mrs. Severns as a party because the Department's assessments were directed solely to him and he was the sole protestant. We agree. The record confirms that Severns, and not his wife, was named in all seven notices of assessment issued by the Department and that Severns filed the protest with the Department on his behalf only. In addition, the joint stipulation of facts filed by both parties during the protest hearing confirmed that the parties considered Severns to be the sole protestant in the proceedings. *See* NMSA 1978, § 7-1-3(W) (2003) (amended 2009) (defining a "taxpayer" as any individual "to

22

whom an assessment has been made, if the assessment remains unabated or the amount thereof has not been paid"). The fact that Mrs. Severns attended the protest hearing with her husband did not render her a party to the protest. Thus, to the extent that the hearing officer named Mrs. Severns as a taxpayer subject to his decision, we conclude that this was erroneous.

**CONCLUSION**

{29} Based on the foregoing, we affirm the decision and order of the hearing officer as to Severns. Because the hearing officer's decision erroneously named Severns' wife as a party, we reverse that aspect of the decision and order and remand with directions that Severns' wife be removed as a party in this case.

{30} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**